[Civ. No. 26013. Second Dist., Div. One. Jan. 10, 1963.]

R. W. BORDERS, Plaintiff and Appellant, v. CIVIL SER-
VICE COMMISSION OF THE CITY OF BEVERLY
HILLS et al., Defendants and Respondents.

Paul Caruso for Plaintiff and Appellant.

Robert H. Baida, City Attorney, and Martin E. Whelan, Jr., for Defendants and Respondents.

WOOD P. J.—R. W. Borders appeals from a judgment denying his petition for a writ of mandate. He was a policeman, with civil service classification, in the police department of Beverly Hills from March to October 7, 1960. On September 29, 1960, the chief of police notified him by letter that he was discharged from such posiiton, as of October 7, 1960, for the following causes: misconduct, failure to perform duties and to observe rules and regulations of the department. Also on September 29, the chief of police filed with the civil service commission and the administrative officer a written statement of his reasons for the discharge. Some of the reasons stated therein were: improperly obtaining an arrest report of one Christi from a clerk of the police department; and falsely stating to the chief of police that he had not furnished the report to a certain person, that he had not obtained the report from any of the department personnel, that he had not seen the report or had any connection with it.

On October 13, Borders filed with the personnel officer a notice of appeal from the order discharging him. The notice was "subscribed and sworn to"—it was not "verified." Therein he denied the charges set forth in the statement of reasons, and alleged acts of discrimination and recrimination on the part of the chief. On October 26, the civil service commission notified Borders by letter that the commission was unable to hold a hearing with respect to his discharge for the reason that an appeal had not been filed in accordance with the Municipal Code of the city.

On November 4, 1960, Borders filed a petition for a writ of mandate compelling the civil service commission to hold a hearing on his appeal. The commission filed an answer to the petition and, on December 24, a hearing was held on the petition and answer. At the hearing the judge stated, in effect, that the notice of appeal filed by Borders was insufficient in that it was not verified as required by the ordinance of the city, and that Borders had not exhausted his administrative remedies in that he had not applied to the commission for permission to amend his notice of appeal by attaching the necessary verification. The judge stated further

that the "writ will be denied at this time." (A judgment denying the writ was entered on January 27, 1961.)

On December 27, 1960, Borders filed with the commission a verified amended notice of appeal from the order discharging him. The denial and the allegations therein were substantially the same as those stated in the notice of appeal, except he omitted from the amended notice certain allgations of recrimination.

About January 9, 1961, the commission notified Borders that on February 8, 1961, it would hold a hearing for the purpose of determining (1) whether it has jurisdiction to consider the appeal; and (2) whether, in the event it has jurisdiction, it should exercise its discretion in favor of considering such appeal or amendment and holding a hearing thereon. On February 8, 1961, pursuant to said notice, the commission held such hearing, and Borders and his attorney were present. Borders testified (before the commission) that he received the arrest report from a clerk of the department; that he retained possession of it; that he had shown it to his wife and to his counsel; that when questioned by the chief of police, he denied having the report or having any connection with it; that he was not under oath when he was questioned by the chief; that he would not have admitted to the chief that anyone furnished the report to him or that he had possession of it. The commission found, among other things, as follows: Borders was given timely notice of the allegations of reasons and charges in support of his discharge, and he failed to file a proper appeal within the time required by law; if the commission has jurisdiction to hold any further hearing on the amended notice of appeal, it would decline to hold a further hearing for the reason that Borders has no meritorious appeal in that the reasons alleged in the statement of reasons for discharge, and admitted to be true by Borders, justify and require his discharge; the commission has no jurisdiction to hold any further hearing on the amended notice of appeal. The commission made an order that no further hearing be held with respect to the discharge.

On May 8, 1961, Borders filed a petition for a writ of mandate compelling the commission to hold a hearing upon his amended notice of appeal.

The findings of fact (in that mandamus proceeding), relative to Borders' civil service position, his discharge, his notice of appeal to the commission, his amended notice of appeal,

and the hearing on February 8, 1961, were substantially the same as the statements made hereinabove relative to those matters. In addition thereto the court found that in the first mandamus proceeding it was determined that the notice of appeal (of October 13) was legally insufficient by reason of lack of verification, and that said judgment in that former proceeding became final prior to the filing of the present mandamus proceeding. The court also found that if, contrary to its conclusions of law, the commission had discretion to consider the amended notice of appeal, the commission did not abuse its discretion in refusing to consider it.

Some of the conclusions of law were in substance, as follows: the notice of appeal filed on October 13, 1960, was not verified as required by section 3-110 of the Municipal Code of the city, and said notice was legally insufficient and was a nullity under said section; "that question" was finally determined in the prior mandamus proceeding; the amended notice of appeal was "not timely" and the commission had no jurisdiction to act upon it; if the commission had jurisdiction to consider said amended notice of appeal, and to grant a hearing thereon, said jurisdiction was at most discretionary, and the commission did not abuse its discretion in refusing to grant a hearing thereon; the respondents have not failed to perform any of their official duties.

Borders appeals from the judgment (entered July 26, 1961) denying his petition for a writ of mandate.

Appellant contends that he complied substantially with all the rules with respect to perfecting his appeal from the order discharging him, and that his appeal to the commission should be heard on the merits. He argues that his notices of appeal were "timely filed"; that verification of the notices was not a jurisdictional requirement; and that lack of verification of the original notice was merely a technical defect which was cured by the filing of the verified amended notice of appeal.

The civil service ordinance of Beverly Hills provides that: The appointing authority has the right to discharge an employee, subject to the commission's right of review and the employee's right of appeal.[1] Within five working days after discharging an employee, the appointing authority must file

---

[1]Section 3-109, subdivision (a), of the Civil Service Ordinance provides: "Any officer in whom is vested appointing authority shall have the right of removal . . . of employees, subject only to the [Civil Service] Commission's discretionary right of review and the employee's right of appeal as herein provided. . . ."

a statement of reasons, for the discharge, with the commission and the administrative officer.[2] Within 60 days after the filing of such statement, the commission has the "discretionary right" to hold a hearing regarding the discharge.[3] The employee shall have the right to appeal to the commission from the order of discharge, and such appeal must be filed within 10 working days after the discharge, must be verified, and must state specifically the fact upon which it is based.[4] The commission shall hold a hearing on the appeal within 20 days after receipt thereof.[5]

The notice of appeal to the commission (filed on October 13, 1960) was filed within 10 working days after the effective date of the discharge (October 7). That notice, however, was "subscribed and sworn to" before a notary public—it was not verified. A verification would include a declaration that the statements in the affidavit are true of affiant's own knowledge, except as to matters which are therein stated on his information or belief, and as to those matters that he believes them to be true. As above stated, the ordinance provides that the appeal must be verified and must state specifically the fact upon which it is based.

 In *Hoffman* v. *City of Palm Springs*, 169 Cal.App. 2d 645 [337 P. 2d 521], a claim against the city for damages was subscribed and sworn to by the claimant. It was held

[2]Section 3-109, subdivision (b), provides: "The appointing authority who . . . removes from office any employee, must within five (5) working days after taking such action, file a written statement of his reasons therefor with the Commission and the Administrative Officer, a copy of which shall be made available to the employee affected by the City Clerk."

[3] Section 3-109, subdivision (c), provides: "Any time within sixty (60) days after the filing of the written statement the Commission shall have the discretionary right to make an investigation or hold a hearing with respect to any . . . removal . . . of an employee in the Classified Service, and to make such order as it deems appropriate, which order shall be final and conclusive."

[4]Section 3-110, subdivision (a), provides: "Any employee within the Classified Service shall have the right to appeal to the Civil Service Commission from any disciplinary action taken by the appointing authority under Section 3-109(a) or on any matter relative to any situation affecting his employment status. . . . Such appeal must be filed with the Personnel Officer within ten (10) working days after the effective date of such disciplinary action. The appeal must be verified before a Notary Public and must state specifically the fact upon which it is based."

[5]Section 3-110, subdivision (b), thereof, provides: "Thereupon [receipt of notice of appeal] the Commission shall make such investigation as it may deem necessary and shall hold a public hearing on the appeal within twenty (20) days after receipt thereof."

therein that the claim did not comply substantially with the provisions of section 53052 of the Government Code which provided that "a verified written claim" should be filed. It was said therein, at pages 648-649 (in quoting from another case) : " 'A verification is an affidavit of the truth of the matters stated. . . . Its object is to insure good faith in the averments or statements of a party. . . . The term "verified," as applied to claims against municipalities, has a settled meaning, and refers to an affidavit attached to the claim, as to the truth of the matters therein set forth. . . . The chief test of the sufficiency of an affidavit is whether it is so clear and certain that an indictment for perjury may be sustained on it if false.' "

In the present case the notice of appeal, containing six pages of typewriting and allegedly stating the facts upon which the appeal was based, included detailed statements of several alleged incidents of discriminatory treatment of employees by the chief of police. It also included a statement (specification "5") of asserted misconduct of the chief with respect to records. As above stated, the ordinance provides that the "appeal" must be verified. ▮ In view of the derogatory nature of the statements in the notice of appeal, the commission might reasonably have concluded, in the exercise of its discretion, that the lack of verification of such statements presented a question as to good faith in making the statements; and indicated a design on the part of the employee to avoid full responsibility for his statements. Undoubtedly one of the requirements that the statements in the notice of appeal be verified is to hold the employee responsible for false statements. (See *Germ* v. *City & County of San Francisco*, 99 Cal.App.2d 404, 413 [222 P.2d 122].) ▮ Since the statements in the notice of appeal herein were not verified, the commission was not required, by reason of the notice of appeal, to proceed to review the discharge. Section 1094.5 of the Code of Civil Procedure provides, among other things, that in a mandamus proceeding regarding the validity of an administrative order, the inquiry shall extend to a question as to whether there was any prejudicial abuse of discretion; and that an abuse of discretion is established if the administrative agency has not proceeded in the manner required by law. It cannot be said, with reference to the notice of appeal, that the commission did not proceed in the manner prescribed by the ordinance. As above shown, the employee prosecuted to judgment a former mandamus proceeding, wherein he

sought to compel the commission to hear his appeal based upon his unverified statements. The judgment denied the petition for a writ of mandate. In that proceeding the judge said that the notice of appeal was insufficient in that it was not verified, and he said further that the employee had not exhausted his administrative remedies in that he had not applied to the commission for permission to amend the notice of appeal by attaching a verification. The court made conclusions of law to that effect. It thus appears that said judgment was a determination that the commission had not proceeded contrary to law with reference to the unverified notice of appeal and statements therein, and therefore had not abused its discretion in not holding a hearing upon that notice.

Irrespective of the notice of appeal, the commission, upon its own motion in the exercise of its discretion, could have reviewed the discharge within 60 days after the order of discharge was made. As above shown, the ordinance provides that, within 60 days after the filing of the statement of discharge, the commission shall have the "discretionary right" to hold a hearing with respect to the removal of an employee. It thus appears that, regardless of the matter of verification, the commission had authority or jurisdiction within said 60-day period to review the discharge, if in the exercise of its discretion it elected to do so. The commission did not proceed upon its own motion to review the discharge; and, of course, it could not have been compelled by mandamus to proceed in that manner.

After the commission had declined to hold a hearing upon the notice of appeal, and after Borders had sought unsuccessfully a writ of mandate, as above stated, he filed with the commission a verified amended notice of appeal on December 27, 1960. The amended notice omitted specification "5" of the original notice of appeal, wherein there was an allegation of asserted misconduct of the chief with respect to records. Although Borders had not applied to the commission for permission to file an amended notice, the commission notified him that it would hold a hearing on February 8 for the purpose of determining whether it had jurisdiction to consider the appeal; and whether, in the event it did have jurisdiction, it should exercise its discretion in favor of holding a hearing on the appeal. In that notice (given about January 9) it was also said that Borders was required to be present at the hearing; that his attorney was requested to

file, with the commission, points and authorities with respect to jurisdiction; that Borders should be prepared to present evidence as to the reason for his failure to file a proper appeal within the time required, and as to whether such failure was due to such mistake or excusable neglect as would justify the granting of relief, and to present such other evidence as the commission might determine would be of assistance in arriving at a decision; that in the event the commission should decide to consider the amended notice of appeal, a date would then be fixed for the hearing on the appeal.

At the hearing on February 8, Borders did not proceed to offer evidence for the purposes announced in the commission's notice. When the commission called Borders as a witness, his counsel objected to testimony by him regarding the merits of the appeal. A commissioner asked counsel the following question: "Would the truth be the same today or tomorrow?" Counsel replied that it would be the same but he did not anticipate that any testimony would be taken on that date. A commissioner said that the proceeding was not a trial. Another commissioner said, in effect, that Borders was on the stand for the purpose of giving testimony "to the extent of additional evidence that he can give us to help us in making a decision." In his verified amended notice of appeal, Borders alleged that the allegations contained in the statement of reasons for dismissal were untrue. In his testimony before the commission he admitted that those allegations were true—that he did receive the police report from the clerk as therein alleged, and that he had falsely stated to the chief that he had not received the report or had any connection with it.

The commission found, in part, that Borders had failed to file a proper appeal within the time required by law; that the commission has no jurisdiction to hold any further hearing on the amended notice; and that if it had such jurisdiction, it would decline to hold a further hearing because Borders had no meritorious appeal in that the reasons alleged for the discharge, and admitted by Borders to be true, justify and require his discharge.

As above shown, the amended notice of appeal was filed on December 27, which was more than 60 days after the effective date of the discharge (October 7). In other words, the amended notice was not filed during the time when the commission, in the exercise of its discretionary right as provided by the ordinance, could have proceeded to hear the appeal.

Although the 60-day period within which the commission

had such discretionary right had expired when the amended notice was filed, it appears from the specific provisions in the commission's notice that the commission was willing to give the employee an opportunity to submit points and authorities on the question of jurisdiction, and also to give him an opportunity to show mistake, inadvertence, surprise, or excusable neglect in failing to appeal in time. It is apparent that a purpose of the commission in holding the hearing was not only to determine preliminarily whether it had jurisdiction and a discretionary right to exercise it, but also (if it had jurisdiction and such discretion) to consider, as a factor in exercising discretion, whether the employee had made a prima facie showing that he had a meritorious appeal.

An important consideration indicating a lack of merit in the appeal is that the employee alleged in his verified amended notice that the allegations contained in the statement of reasons for dismissal were not true, whereas in his testimony at the hearing he said those allegations were true.

Matters in the present case indicating the importance of requiring verification of statements of fact in a notice of appeal, before proceeding with a hearing thereon, are: (1) The employee omitted from his verified amended notice the specification ''5'' which was in his unverified original notice—which specification alleged misconduct of the chief regarding records. (2) At the hearing the employee admitted that he gave untrue answers when questioned by the chief regarding the police report; and he testified further at the hearing that he was not under oath when the chief questioned him.

Since the amended notice of appeal was not filed within the time the commission had the discretionary right to review the discharge, the commission was not authorized to proceed to review the discharge. There is no provision in the ordinance authorizing the filing of an amended notice of appeal. ▮ In *Allen* v. *McKinley*, 18 Cal.2d 697, 705 [117 P.2d 342], it was said that local civil service commissions have only such powers as are conferred upon them. If the commission herein were empowered, in its discretion, to consider an appeal based upon an amended notice of appeal filed after the 10-day period for appealing, it cannot be said that the commission abused its discretion in not hearing the appeal herein which was based upon an amended notice filed about two and a half months after the specified time for appealing. The commission was not required, by reason of the amended notice of appeal, to

review the discharge. The appeal before this court is from the judgment denying the second petition for a writ of mandate, which petition pertained primarily to the amended notice filed with the commission. It cannot be said that the commission proceeded contrary to law with reference to the amended notice. The commission did not abuse its discretion.

In *Steed* v. *City of Long Beach*, 153 Cal.App.2d 488 [315 P.2d 101], plaintiff filed a claim for damages against the city within the 90-day period provided by section 53052 of the Government Code. After that 90-day period had expired she filed a supplemental claim. It was said therein, at pages 491-492: "[T]he time for filing had expired long before the supplemental claim was presented, and as our statute contains no authority for the amendment or supplementing of a claim after the expiration of the 90-day period, the judgment must stand or fall upon sufficiency of the original claim." In *Campbell* v. *City of Los Angeles*, 47 Cal.App.2d 310 [117 P.2d 901], it was held (p. 313) that a provision of the city charter, requiring that a demand for reinstatement as an employee must be presented within 90 days after the discharge, was mandatory, and that the civil service commissioners were not required to reinstate a former employee who had filed a claim for reinstatement 91 days after his discharge.

Appellant contends that the commission is estopped to assert that the notice of appeal filed on October 13 is insufficient in that it was not verified. He argues that since on a prior occasion he filed an unverified notice of appeal from an order discharging him from a different position in the police department (for reasons other than those involved here), and since, on that occasion, the commission "accepted" the notice and held a hearing on the appeal, the commission is estopped to assert that the notice of appeal of October 13 is insufficient in that it was not verified. He argues further that since the commission held a hearing on the prior occasion, it was the duty of the commission to notify him, before the expiration of the 10-day period for appealing, that the notice herein was insufficient. It might be that on the prior occasion, the commission, irrespective of the notice of appeal, elected to proceed under the provision of the ordinance giving it the discretionary right to review the discharge. This contention is not sustainable. In this connection it is to be noted that on the appeal to the commission from the previous discharge, the commission sustained the discharge, and that in a mandamus proceeding the superior court rendered judgment to the effect

that the commission reconsider the matter; and that the judgment was reversed on appeal. (*Borders* v. *Anderson,* 204 Cal.App.2d 401 [22 Cal.Rptr. 243].)

 Appellant contends that the commission conducted a hearing on the "merits of the dismissal" at the hearing on February 8, and thereby the commission: (1) waived the right to assert that the notice filed on October 13 is insufficient; and (2) abused its discretion and violated his constitutional rights in that the notice did not state that the hearing would be a hearing on the merits. As above shown, the notice of hearing sufficiently designated the purpose and preliminary nature of the proposed hearing. The discussion hereinabove relative to receiving testimony at the hearing is applicable here. As above indicated, it is apparent that testimony was received for the purpose of determining preliminarily, in connection with the matter of exercising discretion, whether the employee could make a prima facie showing of a meritorious appeal. The hearing was kept within the limits prescribed in the notice. This contention is not sustainable.

In view of the above conclusions, it is not necessary to determine other contentions.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 27, 1963.