[Civ. No. 44507. Second Dist., Div. Four. Apr. 29, 1975.]

RONALD W. FAULKNER, Plaintiff and Appellant, v.
PUBLIC EMPLOYEES' RETIREMENT SYSTEM,
Defendant and Respondent.

732

**COUNSEL**

Mallery & Hummel, Mallery & Nowack, James E. Hummel and Robert W. Nowack for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and John J. Crimmins, Deputy Attorney General, for Defendant and Respondent.

**OPINION**

**JEFFERSON, Acting P. J.**—Petitioner Ronald W. Faulkner sought a writ of mandate (pursuant to Code Civ. Proc., § 1094.5) to compel the respondent Public Employees' Retirement System to afford him a hearing on his appeal from an adverse determination of his claim for disability retirement benefits. The trial court denied the writ; petitioner appeals; we reverse.

Petitioner was employed by the City of Pomona as a police officer and sustained an injury during the course of his employment in 1966. On February 22, 1973, petitioner applied for disability retirement benefits. On June 12, 1973, he was advised by letter from respondent that his application for benefits had been denied, and that he had 30 days in which to appeal the decision. On or about June 26, 1973, petitioner sought legal representation by attorneys with respect to his appeal, taking the letter of denial to their office on that date.

On July 16, 1973, respondent received from petitioner's counsel a request for a hearing on petitioner's appeal. On July 20, 1973, respondent denied this request on the ground that the request for hearing had not been filed in timely fashion, i.e., within the 30-day period specified in the California Administrative Code, title 2, chapter 2, subchapter 1, article 2, section 555.1. Petitioner then sought the writ of mandate.

Petitioner's attorneys filed the affidavit of an attorney in support of the mandate petition. In it, the affiant declared that during May and June 1973 he had been in the process of dissolving a prior legal partnership

and forming a new partnership; cases being handled by the old partnership were being transferred to the new one. The new firm had hired employees who were charged with affecting the transition, organizing the office and setting up an adequate calendaring system. "Through total inadvertence" (as characterized by declarant) the deadline for filing the Faulkner appeal was missed by four days, because it was not calendared properly. The error was discovered on July 15, 1973, and a letter sent immediately to respondent requesting the hearing on the appeal. Neither the retirement system nor the trial court offered petitioner Faulkner any relief for the calendaring error made by his attorneys.

We note that a denial of retirement disability benefits affects a fundamental, vested right (*Strumsky* v. *San Diego County Employees Retirement System,* 11 Cal.3d 28, 45 [112 Cal.Rptr. 805, 520 P.2d 29]) and that, in addition, under California law pension systems legislation is subject to liberal construction (*O'Dea* v. *Cook,* 176 Cal. 659, 662 [169 P. 366]; *Dillard* v. *City of Los Angeles,* 20 Cal.2d 599, 602 [127 P.2d 917]; *Knight* v. *Bd. etc. Employees' Retirement,* 32 Cal.2d 400, 402 [196 P.2d 547, 5 A.L.R.2d 410]; *Douglas* v. *Pension Board,* 75 Cal.App. 335 [242 P. 756]; *Cordell* v. *City of Los Angeles,* 67 Cal.App.2d 257, 266 [154 P.2d 31]; *Baird* v. *City of Fresno,* 97 Cal.App.2d 336, 340-341 [217 P.2d 681]; *Thurston* v. *County of Los Angeles,* 117 Cal.App.2d 618, 622 [256 P.2d 588]).

The legislative objective in establishing the state retirement system in California is set forth in Government Code section 20001, which provides: "The purpose of this part is to effect economy and efficiency in the public service by providing a means whereby employees who become superannuated or otherwise incapacitated may, without hardship or prejudice, be replaced by more capable employees, and to that end provide a retirement system consisting of retirement compensation and death benefits."

In *Phillipson* v. *Board of Administration,* 3 Cal.3d 32, 49 [89 Cal.Rptr. 61, 473 P.2d 765], the California Supreme Court stated that "Pension programs for public employees serve two objectives: to induce persons to enter and continue in public service, and to provide subsistence for disabled or retired employees and their dependents."

Chapter 2 of part 3 (Gov. Code) deals with the administration of the retirement system, creating a board of administration which may

delegate authority to an executive officer to perform any act within the power of the board to perform, including the rule-making function. (Gov. Code, § 20000 et seq.)

Certain administrative regulations of the system are contained in the California Administrative Code, title 2, Public Employees' Retirement System, chapter 2, Board of Administration of Public Employees' Retirement System, including the regulations which concern us here: "Subchapter 1. Employees' Retirement System Regulations. Article 2. Administration."

Section 555 provides that "The Executive Officer is hereby authorized and empowered to act on any application . . . retirement for disability and service . . . and to fix and authorize the payment of any . . . benefit to which such applicant may be found to be entitled. The Executive Officer may refer the question of an applicant's entitlement to any . . . benefit to a hearing officer for hearing.

"§ 555.1. Right of Appeal. Any applicant dissatisfied with the action of the Executive Officer on his application, other than his referral of the matter for hearing, may appeal such action to the Board by filing a written notice of such appeal at the offices of the Board within thirty days of the date of the mailing to him by the Executive Officer, at his most recent address of record, of notice of the action and right of appeal.

"§ 555.2. Statement of Issues. Any applicant filing an appeal shall be entitled to a hearing, and upon the filing of an appeal in accordance with these rules, or upon the Executive Officer's referral of any question for hearing, the Executive Officer shall execute a statement of issues. Such action of the Executive Officer shall not preclude the Board from recalling the proceedings for its review or hearing."

█ It appears that the respondent system based its denial of petitioner's request for a hearing on section 555.1, interpreting the provision "within thirty days" as a jurisdictional limitation on the right to appeal, which, if not strictly complied with, ended the matter of retirement benefits for petitioner for all time. The Attorney General urges us to adopt this interpretation. We decline to do so.

The legislative directive of Government Code section 20001 is that the retirement system is to be administered "without hardship or prejudice" and to place the interpretation urged by the respondent on section 555.1

would, in our view, constitute the imposition of hardship and the exercise of prejudice with respect to petitioner's rights. Both the petitioner and the respondent analogize rights created by the retirement system to those contained in the Unemployment Insurance Code, which contains a provision enabling the filing of late appeals for good cause shown (Unemp. Ins. Code, § 1328). That code is, like the retirement statute, subject to liberal construction. In *Gibson v. Unemployment Ins. Appeals Bd.,* 9 Cal.3d 494, 499 [108 Cal.Rptr. 1, 509 P.2d 945], the California Supreme Court considered the situation of a petitioner who filed his appeal three days after the statutory ten-day period allowed for the taking of the appeal had expired. The Supreme Court reversed the administrative decision denying petitioner any right to file a late appeal, noting that "To construe the code liberally to benefit the unemployed, and to dispense with the formality in administrative adjudication, does not accord with a draconian rule that the slightest and most excusable inadvertence will deprive a worker of his right to an appeal on the merits." (See also *California Human Resources Dept. v. Java* (1971) 402 U.S. 121 [28 L.Ed.2d 666, 91 S.Ct. 1347]; *Gilles v. Department of Human Resources Development,* 11 Cal.3d 313 [113 Cal.Rptr. 374, 521 P.2d 110].)

The regulations under consideration herein are distinguishable from the statutory scheme set forth in the Unemployment Insurance Code in that nowhere within the retirement regulations is there a provision allowing the filing of a late appeal under any circumstances. We observe, however, that section 555.2 appears to give to the executive officer or to the board of administration, itself, discretionary power to refer a matter for hearing at any time and not just when an appeal has been filed. This would negate the contention that the regulations contain an iron-clad statute of limitations for persons appealing pursuant to section 555.1. The legislative attitude of liberality toward the rights of citizens to file late appeals is reflected in the enactment of Government Code sections 911.2, 911.4 and 946.6, which provide for late filing with respect to tort claims against a governmental entity.

We conclude, therefore, that the absence in the state retirement system regulations of a specific provision enabling an applicant for retirement benefits to file a late appeal, for good cause shown, does not preclude the filing of such an appeal.

The Attorney General contends that, even if we reject the interpretation of section 555.1 et seq., as constituting a statute of limitations, the petitioner in the instant case did not make an adequate showing of "good cause" justifying the filing of the late appeal.

A number of cases have been decided in this area, in the context of the Unemployment Insurance Code. (*Fermin* v. *Department of Employment*, 214 Cal.App.2d 586 [29 Cal.Rptr. 642]; *Perez* v. *Unemployment Ins. App. Bd.*, 4 Cal.App.3d 62 [83 Cal.Rptr. 871]; *Hicks* v. *Sheffield*, 23 Cal.App.3d 441 [100 Cal.Rptr. 274].) In *Flores* v. *Unemployment Ins. Appeals Bd.*, 30 Cal.App.3d 681 [106 Cal.Rptr. 543], this court observed at page 684 that "no purpose is served by imposing forfeiture where the delay is minimal and there is no prejudice to others."

The Attorney General seeks to distinguish *Gibson, supra,* 9 Cal.3d, and *Flores, supra,* 30 Cal.App.3d, on the ground that both involved late filings by persons represented by legal aid societies, and suggests that private law firms "operating for profit" should be held to a different standard. It is further asserted in the instant case, that petitioner's counsel alleged only that a mistake had occurred for which they were responsible and this did not provide a sufficient factual justification for the error made.

In *Gibson, supra,* 9 Cal.3d at page 499 (fn. 8), the California Supreme Court cites with approval the language contained in *Cal. Portland Cement Co.* v. *Cal. Unemp. Ins. Appeals Board,* 178 Cal.App.2d 263, 272-273 [3 Cal.Rptr. 37], concerning liberal construction of the term "good cause," i.e., " 'real circumstances, substantial reasons, objective conditions, palpable forces that operate to produce correlative results, adequate excuses that will bear the test of reason, just grounds for action, and always the element of good faith. . . .' "

We disagree with respondent's contention, and the trial court's conclusion, that no excuse was offered by petitioner's counsel for the four-day delay under consideration here. The affidavit set forth an account of extraordinary circumstances at a law firm, i.e., a transition in a partnership with new personnel. Considering the minimal delay and the lack of prejudice to the respondent, in contrast to the impact that the denial of the right to appeal possibly would have on the petitioner, we reverse the trial court's denial of mandate.

Judgment reversed. The cause is remanded with directions to issue mandate to compel respondent board to hear petitioner's appeal.

Kingsley, J., and Dunn, J., concurred.

A petition for a rehearing was denied May 15, 1975, and respondent's petition for a hearing by the Supreme Court was denied June 26, 1975.