[Civ. No. 49968. Second Dist., Div. Four. Dec. 29, 1977.]

FRED GONZALES, Plaintiff and Respondent, v.
STATE PERSONNEL BOARD, Defendant and Appellant.

## COUNSEL

Evelle J. Younger, Attorney General, Thomas Scheerer and Richard Radoch, Deputy Attorneys General, for Defendant and Appellant.

William H. Steiner for Plaintiff and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—This is an appeal from a judgment of the superior court ordering a peremptory writ of mandate to issue compelling appellant to hear respondent's appeal from his dismissal as a youth counselor with the Department of the Youth Authority.

On October 31, 1974, respondent was placed on administrative leave of absence from the Department of the Youth Authority. The leave provided for a 15-day suspension without pay pursuant to Government Code section 19574.5. On November 12, 1974, respondent was terminat-

ed from his position, effective October 31, 1974, based upon Government Code section 19572, subdivisions (j) and (t). The dismissal was predicated upon respondent's arrest on October 25, 1974, for drug related offenses.

On November 15, 1974, respondent was notified of his dismissal and informed that, pursuant to Government Code section 19575, he had the right to appeal his termination providing he did so within 20 days of notification. Respondent filed his appeal on December 11, 1974, some 26 days after receiving the aforementioned notice of termination.

Appellant refused to consider respondent's appeal as a result of the lateness of its filing. On April 14, 1976, the superior court granted respondent's petition for a writ of mandate which would require appellant to allow respondent to appeal his dismissal. It is from that order and judgment issuing the writ of mandate that the instant appeal is taken.

Appellant contends that the superior court erred in granting the writ in that respondent's failure to appeal within the time specified by the statute made any subsequent appeal improper as a matter of law. We disagree.

I

On review of the declarations filed on behalf of petitioner, the trial court found:

"The action of the Respondent, CALIFORNIA STATE PERSONNEL BOARD, was in error in that:

"(a) Good cause existed for the late filing of Petitioner's Request for Appeal, on December 11, 1975, in that said late filing was due to the mistake, inadvertence, and excusable neglect of Petitioner and his attorney, due to a breakdown in communication between them, as well as the fact that they were both laboring under the strain of major criminal proceedings." That finding of good cause is not attacked on this appeal.

## II

Petitioner relies on a decision of this division of this district in *Faulkner* v. *Public Employees' Retirement System* (1975) 47 Cal.App.3d 731 [121 Cal.Rptr. 190], to support the proposition that, even where the late filing of appeals from administrative decisions is not expressly permitted by regulation or statute, discretionary extensions of time for appeal for good cause are required. We agree that the decision in *Faulkner* impels a decision in favor of petitioner in the case at bench.

Although it is true that no statute or case law has yet decided, as was the case in *Faulkner,* that the statutory scheme should be interpreted liberally in favor of an employee, we deal here, as in *Faulkner,* with a fundamental and vested right. We understand the concern of an employer to know whether or not an employee has been lawfully terminated, so that proceedings to replace that employee may be instituted. Where the delay in filing is long delayed and the employing unit can show that it has, in fact, replaced the employee, a reason for denying equitable relief may exist. However, in the case at bench, the delay in filing the notice of appeal was only six days and the employer made no attempt to show that a replacement had been hired within that brief period. We conclude that a reasonable reconciliation between the rights of the employee and the employer requires that, where good cause is shown for a brief delay and no prejudice to the employer is shown, relief from the default should be given.

## III

The brief for respondent erroneously states that under the judgment herein attacked, the Youth Authority "will have to reinstate the petitioner with full back pay and then prosecute the dismissal, locate and subpoena witnesses with regard to charges which date back to August, 1974." That position is erroneous and unconvincing.

(1) The judgment is silent as to back pay. It only orders the board to hear the appeal. Whether petitioner will be entitled to back pay, and in what amount, will depend on the ultimate decision on his appeal. If petitioner succeeds on his appeal, he will become entitled to full back pay; if he loses on the appeal, he will be entitled only to partial back pay under *Barber* v. *State Personnel Bd.* (1976) 18 Cal.3d 395 [134 Cal.Rptr. 206, 556 P.2d 306].

(2) Had the board, as was its duty, recognized the delayed notice of appeal and proceeded promptly to process the appeal, the problems of which it now complains would not have arisen. Petitioner should not suffer for the error of respondent board.

The judgment is affirmed.

Jefferson (Bernard), J., and Wiener, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.