[No. D017080. Fourth Dist., Div. One. Mar. 12, 1993.]

CIVIL SERVICE COMMISSION, Appellant, v.
REBECCA VELEZ, Respondent.

**COUNSEL**

Lloyd M. Harmon, Jr., County Counsel, Diane Bardsley, Chief Deputy County Counsel, and Donal M. Hill, Deputy County Counsel, for Appellant.

Laturno & Wilensky and David W. Graves for Respondent.

OPINION

**FROEHLICH, J.**—The Civil Service Commission (the Commission) appeals after the court issued a writ of administrative mandate (Code Civ. Proc.,[1] § 1094.5) compelling it to hear Rebecca Velez's appeal following her termination as a protected employee of the air pollution control district. Velez filed her notice of appeal five days after the ten-day period prescribed in San Diego County Civil Service Rules, rule VII,[2] section 7.4.[3] The Commission contends (1) the court lacked subject matter jurisdiction to hear the petition because review of the timeliness determination is not within the scope of section 1094.5, and (2) the court cannot compel it to hear the appeal because the Commission has no jurisdiction to hear untimely appeals. We conclude the court had jurisdiction to review the Commission's decision and correctly determined the time for notice of appeal may be extended upon a showing of good cause. Accordingly we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 12, 1991, the San Diego Air Pollution Control Board notified Velez she would be terminated on December 16 for allegedly committing dozens of incompetent, inefficient and dishonest acts as a senior payroll clerk. The order stated Velez had 10 days after receipt of the notice to file an "appeal" and "answer to the charges" in writing at the Commission office. Velez telephoned her union representative, Ed Sanchez (Sanchez), on December 20 and apparently miscommunicated the date she received the termination notice. Sanchez mailed the appeal and answer on December 24.

The Commission received the appeal and answer on December 27 and notified Sanchez it was untimely. At the Commission's open session on January 15, 1992, Sanchez requested Velez be allowed to file a late appeal. After listening to a chronology of events, the Commission acknowledged it had given "the benefit of the doubt" to late-filed appeals in the personnel selection process, but that 10 days was a "reasonable amount of time for somebody to deal with the fact that they [*sic*] had been given termination papers, and file an appropriate response." In denying the request the Commission noted no provision for "extraordinary circumstances" for late appeals existed and Velez had made no such showing.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

[2] All rule references are to the San Diego County Civil Service Rules effective January 15, 1988.

[3] Section 7.4 of rule VII provides: "An employee who has completed the required probationary period, who is removed, suspended or reduced in rank or compensation, may, within ten (10) days after receipt of the order of removal, suspension or reduction as hereinbefore provided, appeal in writing to the Civil Service Commission from such order. An employee who appeals must also, within the same time period, file an answer to the charges with the Commission."

Velez petitioned the superior court for traditional or administrative writ of mandate (§§ 1085, 1094.5) to compel the Commission to hear her appeal on the merits. She argued the Commission abused its discretion because under *Gonzales* v. *State Personnel Bd.* (1977) 76 Cal.App.3d 364 [142 Cal.Rptr. 787] and *Faulkner* v. *Public Employees' Retirement System* (1975) 47 Cal.App.3d 731 [121 Cal.Rptr. 190], the Commission has authority to hear late-filed appeals and she showed good cause for tardiness. The Commission attacked the superior court's jurisdiction to hear the petition, claiming the decision was not reviewable because the denial of Velez's request was not from a final order or decision following the taking of evidence within the meaning of section 1094.5. The Commission also reiterated it lacked jurisdiction to hear late appeals under rule VII, section 7.4. The court granted the petition and this appeal followed.

## DISCUSSION

### *Superior Court Jurisdiction*

Code of Civil Procedure section 1094.5 authorizes review by the superior court "[to determine] the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer . . . ." (§ 1094.5, subd. (a).) The inquiry "shall extend to the questions whether the respondent has proceeded without, or in excess of, jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion. Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence." (§ 1094.5, subd. (b).)

The county civil service rules entitle a protected employee to a public hearing if the employee is removed, suspended or reduced in rank or compensation. The employee has the right to appear personally, with or without counsel, and to present evidence. (Rule VII, § 7.7.) ■ The fact no hearing is held does not preclude review by administrative mandate. (*Kirkpatrick* v. *City of Oceanside* (1991) 232 Cal.App.3d 267, 279 [283 Cal.Rptr. 191].) If a hearing is required by law, administrative mandate may be appropriate to secure it. (*Fascination, Inc.* v. *Hoover* (1952) 39 Cal.2d 260, 268 [246 P.2d 656].) Similarly, when a hearing is not explicitly required by law but compelled by due process considerations, administrative mandate will lie. (*Kirkpatrick* v. *City of Oceanside, supra,* 232 Cal.App.3d 267, 279.)

■ It is undisputed here Velez had a right to a hearing upon timely request. The Commission's determination that her request was untimely

arises from the same right and is subject to review as would be a determination after evidentiary hearing. The untimeliness determination exhausted Velez's administrative remedies and she promptly sought review in the superior court. Whether the Commission proceeded as required by law in refusing to hear her appeal falls squarely within the scope of review of section 1094.5.[4] As discussed below, Velez is in an identical procedural posture as was the employee afforded review in *Gonzales* v. *State Personnel Bd.*, *supra*, 76 Cal.App.3d 364. We conclude the court properly determined it had jurisdiction under section 1094.5.

*Time to Appeal Extended for Good Cause*

### A.

Preliminarily, the Commission complains the court gave "hopelessly mixed signals" in issuing the writ because the court did not find the Commission's strict adherence to the 10-day rule "unreasonable." Without that finding, the Commission posits it may continue to reject late-filed appeals even though Velez received "special treatment."

In reviewing the court's comments, the record is clear the court relied on *Faulkner* and *Gonzales* to conclude the Commission has jurisdiction to hear late-filed appeals. It specifically noted Velez showed good cause for her delay and reasoned "a blind, mechanical application of statutes is not necessarily always in the interest of justice, fairness or equity . . . ." The court acknowledged that others before Velez may not have sought relief by mandate but it was powerless to act until the Commission's decision had been challenged. We conclude the court implicitly ruled the Commission may not mechanically reject late appeals but must consider whether the employee showed good cause for tardiness.

### B.

▮ The Commission next contends the court erred in upsetting the Commission's "long-standing interpretation of [rule VII, § 7.4]" that the 10-day time to file a notice of appeal is jurisdictional. It argues its interpretation should be given great weight and no policy exists favoring relief from late filing. The Commission claims the existence of a long-standing interpretation also distinguishes Velez's situation from those presented in *Faulkner* and *Gonzales*.

Whether the Commission correctly interpreted section 7.4 of rule VII is a question of law. (*Gibson* v. *Unemployment Ins. Appeals Bd.* (1973) 9 Cal.3d

---

[4]In light of our conclusion, we do not address whether Velez could be granted relief under the traditional mandamus proceedings of section 1085.

494, 498 [108 Cal.Rptr. 1, 509 P.2d 945].) ▇ Although the settled administrative construction of a statute or rule must be given great weight, when a question of law is presented it is the duty of the court "to state the true meaning of the statute . . . even though this requires the overthrow of an earlier erroneous administrative construction." (*Id.* at p. 498, fn. 6, quoting *Bodinson Mfg. Co.* v. *California E. Com.* (1941) 17 Cal.2d 321, 326 [109 P.2d 93].)

*Gibson, supra,* 9 Cal.3d 494, construed section 1328 of the Unemployment Insurance Code, providing a 10-day deadline to appeal a denial of benefits but affording an extension for "good cause." The Unemployment Appeals Board had consistently interpreted "good cause" solely to be delay by the administrative body, not excusable neglect by appealing parties or their attorneys. (9 Cal.3d at p. 498, fn. 5.) The Supreme Court held the strict interpretation violated the spirit and legislative objectives of the unemployment insurance program to provide prompt adjudication of claims without recourse to technical and formal requirements. (*Id.* at p. 496.) "Good cause" was to be construed liberally "to carry out the state policy of aiding the unemployed worker . . . without resort to technicalities that might deprive the unsophisticated applicant of his rights to benefits." (*Id.* at pp. 500-501.)

Relying on *Gibson,* the court in *Faulkner, supra,* 47 Cal.App.3d 731, determined the state retirement system should similarly grant relief for late-filed appeals on a showing of good cause. In *Faulkner,* an injured police officer filed an appeal four days late in seeking administrative review of an adverse disability determination. Under the former California Administrative Code he was required to request a hearing within 30 days. (*Id.* at p. 733.) After being denied a hearing, the officer petitioned for a writ of mandate, supported by affidavits explaining his attorney miscalendared the appeal due to a partnership change. The denial of the petition was erroneous because, under the legislative directive of Government Code section 20001, the retirement system is to be administered "without hardship or prejudice" and comparable relief granted for late-filed appeals in the unemployment context and for tort claims against a governmental entity. Additionally the court found the inadvertent miscalendaring by the law firm was "good cause" for relief. (*Faulkner, supra,* at pp. 735-737.)

In *Gonzales, supra,* 76 Cal.App.3d 364, a counselor with the Department of Youth Authority petitioned for a writ of mandate after the State Personnel Board refused to consider his appeal, filed six days late. Under Government Code section 19575, notice of appeal from termination must be filed within 20 days. (76 Cal.App.3d at p. 366.) The issuance of the writ was upheld because "a reasonable reconciliation between the rights of the employee and the employer requires that, where good cause is shown for a brief delay and

no prejudice to the employer is shown, relief from the default should be given." (*Id.* at p. 367.) Even where late filing of appeals from administrative decisions is not expressly permitted by regulation or statute, discretionary extensions of time for appeal for good cause are required where the employee has a fundamental and vested right of employment. (*Ibid.*)

Here Velez, as a protected public employee, has a fundamental and vested right in her continued permanent employment. (*Skelly* v. *State Personnel Bd.* (1975) 15 Cal 3d. 194, 206 [124 Cal.Rptr. 14, 539 P.2d 774]; *Pipkin* v. *Board of Supervisors* (1978) 82 Cal.App.3d 652, 661 [147 Cal.Rptr. 502].) That right is protected by due process. (*Skelly* v. *State Personnel Bd., supra,* 15 Cal.3d 194, 206.) Additionally the civil service rules charge the Commission with the duty to "[p]rotect the merit basis of the personnel system through its appellate authority . . . ." (Rule I, § 1.1.1, subd. (a).) Although no express provision permits the late filing of appeals, section 7.8 of rule VII authorizes the Commission to grant relief from a late-filed answer for "acceptable" reasons, as follows:

"Failure on the part of an accused employee to file an answer within the time allowed in Section 7.5 shall be construed as an admission of the truth of the charges, and judgment against said employee shall be entered forthwith and filed by the Commission. The Commission may upon the receipt from said accused employee of a statement setting forth reasons acceptable to the Commission for failure to file such answer set aside such peremptory judgment and proceed with the hearing of evidence submitted in the matter."

The Commission argues section 7.8 of rule VII bolsters its argument it has authority to excuse only late-filed answers, not late-filed appeals. However, the Commission does not explain in practical terms the distinction between "appeal" and "answer." Both are required to be filed within the short time of 10 days. We note in Velez's case that the "appeal" and "answer" consist of a one-page letter listing five brief reasons for contesting her termination. Because of the tight time frame and apparent simple requirements to "appeal" and "answer," we fail to see how the Commission suffers greater prejudice by a late-filed appeal than a late-filed answer. Indeed, the Commission has never claimed prejudice from Velez's five-day delay.

At the Commission's open session, counsel for the Commission conceded it had granted relief for late-filed appeals in the personnel selection process under rule X.[5] The Commission now argues the concern here is with "even-handed" review of disciplinary matters and rule X is simply inapplicable. Velez argues that as a protected employee she should be given greater indulgence for late filing than a job applicant under the more stringent rule X.

---

[5]Rule X provides in relevant part: "An affected applicant or employee may appeal to the Commission any component of the selection process or any determination of the Director

Rule X affords affected job applicants and employees the right to "appeal" by filing a "petition to appeal" form with the Commission within 15 days of notice of the selection taken. (Rule X, § 10.4.) The Commission has the discretion, however, to grant a hearing based on the written information provided and must deny a hearing if the person fails to "fully complete the appeal form within the time frame specified" or the Commission believes the appeal is without merit. (Rule X, § 10.4.) The decision of the Commission is final and reconsideration is prohibited. (Rule X, § 10.7.)

Although rule X does not apply to Velez's situation, the fact the Commission exercises discretion to allow late-filed appeals by applicants but not vested employees undermines the Commission's claim for strict adherence to the time requirements. Velez does have greater rights, as a vested employee, than a job applicant or probationary employee, and should be given equal or greater consideration. (See generally, *Pipkin* v. *Board of Supervisors, supra*, 82 Cal.App.3d at pp. 661-662.)

We view the Commission's directive to "protect the merit basis of the personnel system" as similar to the aims and directives in the unemployment, personnel, and retirement contexts in *Gibson, Gonzales* and *Faulkner*, respectively. In those three contexts, relief from late-filed appeals is afforded for good cause because "[i]n barring such appeals without regard to the shortness of the delay, the absence of prejudice, and the excusability of the error, the [administrative] board subverts the legislative goal." (*Gibson, supra*, 9 Cal.3d at p. 500.)

Here Velez's delay in filing was short, caused by inadvertence, and the Commission asserted no prejudice. In granting relief the court correctly

---

relating to the selection process and may be granted a hearing subject to the conditions contained within section 10.4. [Rule X, § 10.1.] . . . [¶] After filing a complaint with the Director . . . an applicant or employee may file an appeal with the Civil Service Commission. . . . [¶] The applicant or employee must file a "Petition to Appeal Selection Process" form with the Commission within fifteen (15) days from the date of receipt of notification from the Director or the appointing authority of the action being appealed. [Rule X, § 10.2.]

" . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"The Commission may at its discretion grant a hearing or make its decision based on the merits of the information submitted by the parties concerned and the Commission staff. The Commission shall deny both a request for a hearing and a review of the information submitted if the applicant or employee fails to fully complete the appeal form within the time frame specified; or if in the opinion of the Commission the specific facts and reasons stated, if true, would not entitle the applicant or employee to a reasonable remedy. Moreover, a hearing need not be granted if the Commission is of the opinion that the applicant's or employee's appeal is without merit. [Rule X, § 10.4.]

" . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"The findings and decision of the Commission shall be final and there will be no reconsideration. [Rule X, § 10.7.]"

reconciled Velez's right to have her appeal heard on the merits with the Commission's concern for orderly process. We reject the Commission's reliance on *Borders* v. *Civil Service Commission* (1963) 211 Cal.App.2d 678 [27 Cal.Rptr. 490], and *Reynolds* v. *City of Los Angeles* (1978) 76 Cal.App.3d 882 [143 Cal.Rptr. 310], in arguing relief from late filing would be in excess of jurisdiction. Those cases are inapposite to Velez's situation because *Borders* involved the sufficiency of affidavits on appeal, and *Reynolds* concerned the diligence of a resigned employee in discovering his representative's breach of fiduciary duty before demanding reinstatement.

DISPOSITION

The judgment is affirmed.

Wiener, Acting P. J., and Benke, J., concurred.