Filed 7/10/13  Yocum v. Howard CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LESTER YOCUM,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CORRECTIONAL OFFICER HOWARD et al.,<br><br>Defendants and Respondents. | F065716<br><br>(Super. Ct. No. 12C0139)<br><br>**OPINION** |

THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Steven D. Barnes and Robert S. Burns, Judges.†

Lester Yocum, in pro. per., for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

-ooOoo-

_____

*       Before Wiseman, Acting P.J., Cornell, J. and Kane, J.

†       Judge Barnes issued the denial order dated June 25, 2012; Judge Burns issued the denial order dated July 13, 2012.

This is an appeal by a state prisoner, in propria persona, from orders denying his "Petition for Writ of Replevin (Claim and Delivery)" and his motion for reconsideration of that denial. Plaintiff and appellant Lester Yocum contends he adequately stated a claim for relief in his initial petition and that, in any event, he cured any defects by submitting additional materials with the petition for reconsideration. We conclude the trial court properly evaluated the sufficiency of the pleadings. Accordingly, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

The petition alleges appellant's personal property was "illegally seized and retained" by respondent Corrections Officer Howard. In supporting documents, it appears the officer removed certain items from appellant's locker in September 2011, believing them to be contraband devices to recharge cell phones. (Appellant acknowledges in these documents that the items were not unlawfully seized.) After prison officials conducted an initial investigation, an officer told appellant the items would be returned to him at the completion of the formal investigative process, and they have not yet been returned. According to the supplemental documents, appellant filed various administrative appeals, all of which eventually were dismissed or "cancelled" as untimely.

Appellant filed his petition on February 28, 2012. By order of June 25, 2012, the court determined, pursuant to the authority of *Escamilla v. Department of Corrections & Rehabilitation* (2006) 141 Cal.App.4th 498, 509, that appellant's petition for writ relief was appropriately characterized as a petition for writ of mandamus. Because the petition did not allege defendant had fully exhausted his administrative appeals seeking return of the property, the court determined the petition failed to state grounds for mandamus relief. Appellant timely submitted additional materials with his "Notice of Motion in Opposition of Order – Summarily Denied Petition of Replevin." Those materials sought to demonstrate that appellant had exhausted his administrative remedies. The court

2.

treated the motion as one for reconsideration arising under Code of Civil Procedure section 1008 ("section 1008") and denied the motion for two alternate reasons. First, the materials seeking to establish exhaustion of remedies were not submitted by affidavit, as required by section 1008, subdivision (a). Second, the materials clearly showed that appellant had failed to timely exhaust his administrative remedies, since each of his efforts had resulted in a cancellation of the administrative appeal for untimeliness.[1]

## DISCUSSION

There are two separate issues involved in this appeal. These issues are, first, the right to possess non-contraband property in prison, and second, the right to a fair procedure to challenge the seizure of such property. Appellant has failed to distinguish between those issues and, as a result, views the proceedings as depriving him of his constitutional right to due process. The first issue is the one that originally brought appellant to court, namely, his contention that his belongings should be returned to him. The second issue is whether he has complied with the requirements for administrative review of the prison's seizure of his property. The first issue was properly the subject of the original petition, which failed for reasons we will briefly explain. The second issue could have been, but was not, the subject of a separate writ petition; however, that second issue was not properly presented by the motion for reconsideration, as we will also briefly explain.

If a petitioner contends an administrative agency, in this case the prison authorities, made a mistake in ruling against the person in an administrative proceeding, the person can obtain court review of the administrative decision by filing a petition for writ of administrative mandate under Code of Civil Procedure section 1094.5 or by

---

[1] There was never service of process or an order to show cause upon the respondents in the trial court. There has been no appearance by respondents in this appeal.

3.

ordinary mandamus.  (See *Escamilla v. Department of Corrections & Rehabilitation, supra,* 141 Cal.App.4th at p. 509 [mandamus].)  The issue in such a writ proceeding is whether the agency "has proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion.  Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence."  (Code Civ. Proc., § 1094.5, subd. (b).)

In this case, appellant's petition contended, in effect, that prison officials had made a determination they would not return to appellant the property seized from him.  Accordingly, appellant was required to establish that the prison officials actually made a formal determination not to return the property.  In order to establish that there was an official decision not to return appellant's property, appellant was required to plead the legal requirement of  "exhaustion of administrative remedies":  He was required to plead that there has been an unfavorable administrative decision by the highest level of decisionmaker available in the agency, in order to show that court intervention is now necessary to order restoration of appellant's property.  Accordingly, the trial court here correctly concluded that appellant had failed to allege this necessary condition for court intervention, namely, that appellant had sought return of the property through a completed administrative hearing process.

Entirely separate, from a legal standpoint, is the situation of a person who contends the administrative agency would not let him or her have a full administrative resolution of a complaint, even though the complaining party has tried to use the available appeal process and has done what was requested in that process.  A petition for writ of administrative mandate in this situation would not seek, for example, actual return of the property, but would seek enforcement of the right to ask for the property back in administrative proceedings.  Thus, an appellant in this situation might seek to challenge the agency's determination that the appellant did not file a hearing request on time or did

4.

not file sufficient supporting information to merit a full administrative hearing. Those are the kinds of procedural grounds at issue in *Civil Service Com. v. Velez* (1993) 14 Cal.App.4th 115. There, a civil service employee received a notice of termination for "committing dozens of incompetent, inefficient and dishonest acts." (*Id*. at p. 117.) She had 10 days to file an appeal. Because of miscommunication with her union representative, she was a few days late in filing the appeal. The commission refused to accept the appeal. (*Ibid*.) On the employee's petition for writ of mandate, the trial court directed the commission to accept the untimely appeal; the court of appeal affirmed. (*Id*. at pp. 122-123.) The important point, for purposes of this appeal, is that the petition for writ of mandamus separately challenged the procedural denial of a right to administrative hearing, and did not challenge the underlying administrative decision to terminate the appellant's employment in *Velez*, or the deprivation of appellant's property in the present case. In other words, a petition can seek review of an administrative decision that an appellant *failed to comply* with appeal requirements, but that must be the basis for the petition, which it was not in this case.

In this case, on the motion for reconsideration, the issue before the court was not whether prison officials correctly or incorrectly determined that appellant had filed timely administrative appeals, because the original petition for writ of administrative mandate did not challenge that aspect of the prison decision – it sought review of the decision not to return appellant's property. The trial court correctly concluded that appellant's supplemental documentation, even if it had been presented through a proper affidavit, conclusively showed that appellant had not filed *timely* administrative appeals about the seizure of his property. On appeal, appellant tries to show that these timeliness decisions were wrong but, once again, that is not the issue upon "reconsideration" of the summary denial of the original petition for writ of mandate, because that is not what appellant challenged in the original petition – which challenged only the refusal to return the property.

Appellant also contends the trial court abused its discretion in recharacterizing his petition as one for administrative mandate instead of replevin. Appellant implies, although he does not expressly argue, that the recharacterization prejudiced him because a writ of replevin would not require exhaustion of administrative remedies. Exhaustion, however, is a requirement imposed by the courts as a matter of judicial policy, as relevant here, to promote "administrative autonomy," clarify factual issues, and promote judicial economy. (*Jonathan Neil & Assoc., Inc. v. Jones* (2004) 33 Cal.4th 917, 930-931.) In the context of this case, a prison system with a detailed system for reviewing the issues involved in appellant's claims, exhaustion is required regardless of the form of the action filed in court. Requiring a prisoner to use the administrative system does not, in itself, deprive the prisoner of the constitutional right of due process. Instead, the administrative appeal system provides the process that is due, and is intended to provide prisoners with expeditious and available mechanisms to resolve this type of dispute much more quickly than it would be resolved in a civil action or proceeding. In this particular case, appellant alleged in the rehearing motion and in his brief that his access to the administrative system was wrongfully or erroneously barred – that he had been deprived of that expeditious remedy. Once again, however, that was not the claim made in appellant's original petition, and it is not a claim that was properly before the trial court on the reconsideration motion.

Finally, appellant contends his motion for reconsideration was in proper form. As we have discussed above, regardless of the form of the motion, the *substance* of the documentation attached to the motion showed that appellant had not exhausted administrative remedies so as to be entitled to relief in court. Accordingly, the form of appellant's showing is not the determinative factor.

In summary, the allegations of the original petition were insufficient insofar as the petition failed to show exhaustion of remedies. The supplemental allegations of the motion for reconsideration did not correct this insufficiency because the supplemental

allegations affirmatively showed appellant did not exhaust his administrative remedies in a timely manner. The trial court did not err.

## DISPOSITION

The order summarily dismissing the petition and the order denying reconsideration are affirmed. Respondents are awarded their costs on appeal.