[No. C066861. Third Dist. Dec. 28, 2011.]

SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1021,
Plaintiff and Appellant, v.
COUNTY OF SAN JOAQUIN, Defendant and Respondent.

## COUNSEL

Weinberg, Roger & Rosenfeld, Vincent A. Harrington, Jr., Roberta D. Perkins and Kerianne R. Steele for Plaintiff and Appellant.

Matthew P. Dacey, Deputy County Counsel, for Defendant and Respondent.

## OPINION

**HOCH, J.**—Service Employees International Union, Local 1021 (SEIU), appeals from the trial court's denial of its petition to compel respondent San

Joaquin County (County) to arbitrate whether the County wrongfully terminated the employment of Robert Riedinger. The County refused to participate in arbitration after learning that Riedinger applied for and began receiving retirement benefits while the parties were selecting an arbitrator. The trial court denied SEIU's petition on grounds that the memorandum of understanding (MOU) between the County and SEIU did not contain an agreement between the County and its former employees to arbitrate disciplinary actions and Riedinger's retirement deprived the arbitrator of jurisdiction.

SEIU contends the County agreed to arbitrate disciplinary actions in an MOU between the parties. SEIU further argues that Riedinger's acceptance of retirement benefits did not divest the arbitrator of power to hear the matter.

We conclude that the County and SEIU agreed in the MOU to arbitrate disciplinary actions for employees who elect arbitration instead of a hearing with the civil service commission. Rather than having "jurisdiction" over a claim as do courts or administrative tribunals, an arbitrator has a contractually granted power to decide a matter consistent with the parties' agreement. Here, Riedinger's application for retirement benefits did not constitute a waiver of his right to arbitrate and did not deprive the arbitrator of power to decide the disciplinary action (employment termination). Accordingly, we reverse the trial court's order denying the petition to compel arbitration.

## FACTUAL AND PROCEDURAL HISTORY

### MOU Between the County and SEIU

In an MOU dated December 12, 2006, the County and SEIU agreed to various terms and conditions regarding the employment of members of the Trades, Labor, and Institutional Bargaining Unit. The MOU addresses disciplinary actions against SEIU employees as follows:

"19.1. Applicability [¶] . . . [¶] To initiate disciplinary action against a permanent, Civil Service employee, the appointing authority must follow the provisions of Civil Service Rule 18. The appointing authority must submit to the employee a written notice of intent to take disciplinary action and file a copy with the Human Resources Division. The notice must state specifically the reason(s) for the action and explain the employee's '*Skelly*'[1] rights of appeal.

---

[1] See *Skelly v. State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774] (*Skelly*).

"19.2. <u>Request for Hearing</u> [¶] The employee may appeal the proposed action and request a hearing by responding in writing to the appointing authority within seven (7) calendar days of receipt of the notice. Upon receipt of a timely response, the appointing authority shall schedule and conduct a 'Skelly' hearing as soon as possible. [¶] . . . [¶]

"19.7. <u>Appeal of Order of Disciplinary Action</u> [¶] The employee, within seven (7) calendar days after the order is furnished to the employee, may appeal the order in writing to the Director of Human Resources. The employee, in making the appeal, shall designate in writing whether the matter will be heard by the Civil Service Commission *or whether the matter will be submitted to binding arbitration.* In accordance with the provisions of Civil Service Rule 18, selection of one appeal method shall exclude the possibility of appeal through the alternate procedure on the same issue. [¶] Appeal and arbitration hearings shall be conducted in accordance with Civil Service Rule 18."[2] (Italics added.)

The concluding paragraph of the MOU states: "20. <u>SUPERSESSION AND MODIFICATION CLAUSE</u> [¶] Except as may hereinafter be agreed to in writing, and except for the San Joaquin County Employer-Employee Relations Policy, this [MOU] contains the sole and entire agreement between the parties. It supersedes any and all other previous [MOU's] between the parties and incorporates by reference all such previous memoranda between the

---

[2] San Joaquin County Civil Service Rules, rule 18 (rule 18), section 3, provides that "[t]he employee, within seven (7) calendar days after the order is furnished to the employee, may appeal the order in writing to the Director of Human Resources. The employee, in making the appeal, shall designate in writing whether the matter will be heard by the Civil Service Commission in accordance with Section[s] 4, 4.1, 5, and 8 of this Rule or whether the matter will be submitted to binding arbitration in accordance with Sections 6, 7, and 8 of this Rule."

Section 6 of rule 18 provides: "When an employee designates the matter to be determined by arbitration, the timing and procedure of such arbitration shall be established by agreement of the parties to the arbitration. Unless otherwise agreed, the arbitrator shall be selected from a list of five (5) individuals. Each party shall name two (2) such individuals and the fifth individual shall be a member of the State Office of Administrative Hearings. The parties then shall use a striking procedure to select the arbitrator. . . . The costs of the arbitration shall be borne equally by the parties."

Section 7 of rule 18 states: "If an award by an arbitrator requires action by the Civil Service Commission or the Board of Supervisors before it can be placed in effect, the Director of Human Resources will recommend to the appropriate body that it act to make such award effective."

Section 8 of rule 18 states: "An employee shall have the employee's appeal determined by the Civil Service Commission or by arbitration but an employee shall not have the right to have the matter determined by both the Civil Service Commission and arbitration and a matter determined by one procedure may not be appealed through the alternate procedure. The determination . . . by arbitration is final and binding upon the parties and any appeal therefrom shall be to a court of competent jurisdiction within ninety (90) days of the decision of the . . . arbitrator."

designated representatives of members of this representation unit and the County and also supersedes and incorporates by reference any and all Resolutions and Board orders adopted by the San Joaquin County Board of Supervisors which were adopted to implement any [MOU] between the designated representatives of members of this representation unit and the County . . . . No waiver or modification of this agreement or any covenant, condition or limitation herein contained shall be valid unless in writing and duly executed by the parties hereto; no officer, employee or agent of the County has any authority to waive or modify this agreement or any covenant, condition or limitation herein contained without the express prior approval of the San Joaquin County Board of Supervisors or its designee."

### Riedinger's Termination

Prior to termination of his employment, Riedinger worked as a "Craft Worker III" in the County's facilities management division. In that capacity, Riedinger was represented by SEIU. According to the County, Riedinger stole approximately $250 worth of County-owned recyclable material in November 2008. Riedinger admitted the theft to his supervisor and then had four days of unexcused absence from his job.

A *Skelly* hearing was held on February 10, 2009. On February 18, 2009, the County issued an order of dismissal terminating Riedinger from employment.

On February 20, 2009, SEIU, on behalf of Riedinger, informed the County's director of human resources that it was "requesting Arbitration for the decision to uphold the discipline of termination that was received by . . . Riedinger . . . ."

In March 2009, Riedinger filed an application for service retirement that was approved with an effective date of February 23, 2009. In April 2009, Riedinger started to receive monthly retirement allowance payments.

More than a year passed before the County sent notice to arbitrator David Gaba on May 5, 2010, to inform him: "We are pleased to inform you that you have been selected by our County Counsel and the law firm [representing SEIU] as the arbitrator to hear" the matter of Riedinger's termination from employment. A week later, the County informed the arbitrator that the matter would be heard on August 13, 2010, in Stockton, California.

On July 26, 2010, county counsel informed Riedinger's attorney "that due to . . . Riedinger's retirement during the pendency of his termination appeal, San Joaquin County will not participate in the scheduled arbitration. [¶] Although this matter was set for arbitration with [David] Gaba on August 13,

2010, your client, . . . Riedinger, is no longer employed with San Joaquin County and thus, his future employment is no longer at issue."

On July 28, 2010, the arbitrator sent an e-mail to the County and SEIU that stated he was unsure of his authority under the MOU and the San Joaquin County Civil Service Rules. He concluded that "the best course is for one of the parties to file an action to compel arbitration or an action for declaratory relief."

On August 13, 2010, SEIU filed a petition to compel arbitration under Code of Civil Procedure section 1281.2. The County opposed the petition.

The trial court denied the petition on two grounds. First, the court concluded that "[t]he MOU does not contain an agreement between the County and its former employees to arbitrate employment disputes. A party cannot be required to submit to arbitration any dispute that the party has not agreed to submit." Second, the trial court found that "SEIU [has] not explained how an arbitrator appointed pursuant to the MOU or the Civil Service Rules would have jurisdiction over the employment rights of a former County employee who has retired." Even so, the court "express[ed] no view on whether Riedinger has a viable civil claim on the termination of his employment with the County."

SEIU timely filed a notice of appeal from the denial of the petition to compel arbitration. (See Code Civ. Proc., § 1294, subd. (a) [allowing appeal from denial of petition to compel arbitration].)

## DISCUSSION

### I

### *Standard of Review*

We review de novo the question of whether parties agreed to submit a dispute for binding arbitration. (*Nyulassy v. Lockheed Martin Corp.* (2004) 120 Cal.App.4th 1267, 1277 [16 Cal.Rptr.3d 296].) The parties in this case did not introduce extrinsic evidence concerning the agreement to arbitrate, nor did the trial court resolve disputed facts in deciding the matter. Thus, de novo review applies to both the agreement to arbitrate and the trial court's order denying arbitration. (*Abramson v. Juniper Networks, Inc.* (2004) 115 Cal.App.4th 638, 650 [9 Cal.Rptr.3d 422]; *NORCAL Mutual Ins. Co. v. Newton* (2000) 84 Cal.App.4th 64, 71–72 [100 Cal.Rptr.2d 683].)

II

*Agreement to Arbitrate Disciplinary Actions*

SEIU contends the trial court erred in concluding that the County did not agree to arbitrate disciplinary actions with SEIU members such as Riedinger. We agree.

A. *Principles of Arbitration*

■ California has a strong policy of favoring arbitration as an expeditious method of resolving disputes. As our high court has noted, "the Legislature has expressed a 'strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution.' " (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9 [10 Cal.Rptr.2d 183, 832 P.2d 899] (*Moncharsh*), quoting *Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street* (1983) 35 Cal.3d 312, 322 [197 Cal.Rptr. 581, 673 P.2d 251].) "Consequently, courts will ' "indulge every intendment to give effect to such proceedings." ' (*Doers* v. *Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 189 [151 Cal.Rptr. 837, 588 P.2d 1261], quoting *Pacific Inv. Co.* v. *Townsend* (1976) 58 Cal.App.3d 1, 9 [129 Cal.Rptr. 489].)" (*Moncharsh, supra*, at p. 9.) Nonetheless, a court may order parties to participate in arbitration only if the parties have agreed to arbitrate their dispute.[3]

Once the parties have agreed to arbitrate, the scope of the matter to be decided by the arbitrator is delineated by the parties' agreement. "The right to arbitration depends upon the terms of the contract—a petition to compel arbitration is simply a suit in equity seeking specific performance of that contract. [Citations.]" (*United Public Employees v. City and County of San Francisco* (1997) 53 Cal.App.4th 1021, 1026 [62 Cal.Rptr.2d 440] (*United Public Employees*).) Thus, "it is the agreement which determines the details of the process. ([Code Civ. Proc.,] § 1282 et seq.)" (*Blanton v. Womancare, Inc., supra*, 38 Cal.3d at p. 402, fn. 5.)

B. *MOU Between the County and SEIU*

As paragraph 20 of the MOU in this case declares, the MOU constitutes an agreement between the County and SEIU. In paragraph 19.7, the MOU

---

[3] Here, we address only the question of whether the County agreed to participate in private, nonjudicial arbitration. This case does not involve issues relating to judicial arbitration. (See generally *Blanton v. Womancare, Inc.* (1985) 38 Cal.3d 396, 401–402 & fn. 5 [212 Cal.Rptr. 151, 696 P.2d 645] [discussing some of the differences between judicial and nonjudicial arbitration].)

expressly allows SEIU members to elect arbitration as the vehicle to appeal the unfavorable result of a *Skelly* hearing. Thus, the County and SEIU agreed to arbitrate disciplinary actions involving SEIU members such as Riedinger.

The County and SEIU could have agreed to make the civil service commission the exclusive forum for an SEIU member's appeal after a *Skelly* hearing. (See, e.g., *United Public Employees, supra*, 53 Cal.App.4th at p. 1031 ["While there is 'a strong policy in favor of enforcing agreements to arbitrate, . . . there is no policy compelling persons to accept arbitration of controversies which [as here] they have not agreed to arbitrate . . . .' "].) However, the MOU clearly shows that the County and SEIU agreed to allow union employees to elect binding arbitration for the appeal of their disciplinary actions.

Consistent with paragraph 19.7 of the MOU, SEIU timely elected to arbitrate the matter of Riedinger's termination from County employment. The County responded by cooperating with SEIU in selecting the arbitrator and the time for the arbitration hearing. The parties' actions confirmed that the MOU constitutes an agreement to arbitrate disciplinary actions upon timely election by the employee. Accordingly, the trial court erred in concluding that the MOU does not constitute an agreement to arbitrate disciplinary actions between the County and its employees who are represented by SEIU.

 The County does not deny that the MOU offers employees represented by SEIU the option to elect arbitration of disciplinary actions. Instead, the County argues that once Riedinger retired from his job, he was no longer an "employee" under the MOU. Under this reasoning, the County would not be required to arbitrate a termination of employment because the MOU does not apply to former employees. In effect, paragraph 19.7's provisions for appeal of a disciplinary action either to the civil service commission or arbitration would be meaningless for persons terminated from employment. Termination from employment is the most serious type of disciplinary action. Where a former employee has been terminated, seeking retirement benefits does not result in a voluntary resignation from employment. Rather, the former employee has already been separated from employment as a result of the termination. The County's interpretation would allow employment terminations to evade the provisions of the MOU addressing disciplinary actions and appeal rights. This interpretation conflicts with the MOU, and we reject it.

The County next contends the MOU did not constitute an agreement to arbitrate disciplinary actions because "[t]he MOU applicable here clearly states that disciplinary proceedings shall be governed by Civil Service Rule 18, not an independent contractual right to binding arbitration." The County

reasons that as "an administrative right" to arbitration, it was free to refuse to arbitrate Riedinger's disciplinary action (employment termination). We are not persuaded.

As we have explained, the MOU constituted an agreement between the County and SEIU that allowed union employees to elect to arbitrate their disciplinary actions. The MOU's borrowing of procedures for selecting the arbitrator and having the arbitration award ratified by the appropriate authority does not mean that the right to arbitrate was not contractual.

Nothing in rule 18 undermines the contractual nature of the right to arbitrate disciplinary actions under the MOU. We note that, in the trial court, the County admitted that "Civil Service Rule 18 applies to Union members who are in [the County's] employ, *to the extent that such Rule does not conflict with a term contained in [the MOU]*. Article 20 of [the MOU] contains a supersession clause, which provides that if language of the Memoranda, Resolutions, Board Orders or such other terms and conditions of employment not specified in the MOU conflict[s] with, or is different from, the language contained in the MOU, the MOU shall prevail and apply." (Italics added.) Thus, the provisions of the MOU prevail over any conflict with rule 18.

In summary, the MOU constitutes an agreement between the County and SEIU to arbitrate disciplinary actions at the election of union members. Here, the arbitration was properly initiated by SEIU and the County signaled the legitimacy of the election by selecting the arbitrator and scheduling the hearing. Thus, the trial court erred in concluding that the MOU did not contain an agreement to arbitrate the County's termination of Riedinger's employment.

III

*Effect of Retirement on Contractual Right to Arbitrate*

SEIU contends the trial court erred in concluding that Riedinger's application for retirement benefits defeated his right to arbitrate the matter of his termination by the County. The contention has merit. We conclude that Riedinger's retirement did not constitute a waiver of his right to arbitrate and did not deprive the arbitrator of jurisdiction.

## A. *Whether Retirement Waived the Contractual Right to Arbitrate*

Code of Civil Procedure section 1281 provides that "[a] written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable *and irrevocable*, save upon such grounds as exist for the revocation of any contract." (Italics added.) The parties to the agreement may mutually agree to cancel an arbitration. (*Arrieta v. Paine, Webber, Jackson & Curtis, Inc.* (1976) 59 Cal.App.3d 322, 330 [130 Cal.Rptr. 534].) Also, a party may give up its right to arbitrate. "As with any other contractual right, the right to arbitration may be waived. (Code Civ. Proc., § 1281.2, subd. (a).)" (*Chase v. Blue Cross of California* (1996) 42 Cal.App.4th 1142, 1151 [50 Cal.Rptr.2d 178].)

The California Supreme Court has stated that "while there is no 'single test' for establishing waiver, 'the relevant factors include whether the party seeking arbitration (1) has "previously taken steps inconsistent with an intent to invoke arbitration," (2) "has unreasonably delayed" in seeking arbitration, (3) or has acted in "bad faith" or with "willful misconduct." ' (*Keating* [*v. Superior Court* (1982) 31 Cal.3d 584,] 605 [183 Cal.Rptr. 360, 645 P.2d 1192], quoting *Davis* v. *Blue Cross of Northern California* (1979) 25 Cal.3d 418, 425–426 [158 Cal.Rptr. 828, 600 P.2d 1060].)" (*Christensen v. Dewor Developments* (1983) 33 Cal.3d 778, 782 [191 Cal.Rptr. 8, 661 P.2d 1088] (*Christensen*).)

In determining whether a party has surrendered its right to arbitrate, we must " 'closely scrutinize any claims of waiver [citations] and " 'indulge every intendment to give effect to [arbitration] proceedings.' [Citations.]" Moreover, the burden of proof is "heavy" and rests on the party seeking to establish waiver [citations] which "is not to be lightly inferred." [Citations.]' " (*Christensen, supra*, 33 Cal.3d at p. 782, quoting *Keating v. Superior Court, supra*, 31 Cal.3d at pp. 604–605.)

In this case the question is whether Riedinger's subsequent retirement constituted a waiver of his right to arbitrate his dispute regarding the propriety of his termination of employment. The County does not assert that Riedinger knowingly and voluntarily waived his right to arbitrate. Instead, the County asserts that Riedinger's application for and receipt of retirement benefits had the effect of defeating his earlier election to arbitrate.

Consistent with our high court's guidance in *Christensen*, we consider whether Riedinger (or SEIU on his behalf) took steps inconsistent with an intent to invoke arbitration, unreasonably delayed in seeking arbitration, or

acted in bad faith with respect to his demand to arbitrate his disciplinary action (employment termination). (See generally *Christensen, supra*, 33 Cal.3d at p. 782.)

First, we examine whether Riedinger acted in a manner inconsistent with the arbitration. The California Supreme Court has given three examples of conduct inconsistent with an agreement to arbitrate. (*Davis v. Blue Cross of Northern California* (1979) 25 Cal.3d 418, 425–426 [158 Cal.Rptr. 828, 600 P.2d 1060], citing *Case v. Kodota Fig Assn.* (1950) 35 Cal.2d 596 [220 P.2d 912]; *Local 659, I.A.T.S.E. v. Color Corp. Amer.* (1956) 47 Cal.2d 189 [302 P.2d 294]; *Bodine v. United Aircraft Corp.* (1975) 52 Cal.App.3d 940 [125 Cal.Rptr. 344].) In these examples, a party was found to have waived its right to arbitration by pursuing a lawsuit on the same issue as that to be arbitrated, expressly repudiating the arbitration agreement, or failing to invoke the right to arbitration at all. (*Case v. Kodota Fig Assn., supra*, 35 Cal.2d at pp. 605–606 [resort to litigation regarding whether contract required processing of peaches as an association waived right to arbitrate under the same contract]; *Local 659, I.A.T.S.E. v. Color Corp. Amer., supra*, 47 Cal.2d at pp. 197–198 [express refusal to participate in arbitration in order to seek ruling by the Labor Commissioner]; *Bodine v. United Aircraft Corp., supra*, 52 Cal.App.3d 945–946 [failing to demand arbitration on the rationale that it would have been stayed by collateral litigation in any event].)

Riedinger did not resort to a lawsuit to litigate his disciplinary action (employment termination), refuse to participate in arbitration, or fail to invoke the right to arbitrate. His subsequent retirement was not inconsistent with his right to arbitrate his termination from employment. Although he did draw upon his vested right to retirement benefits (after the County terminated his employment), that right was independent of his interest in continued employment for the County. Claiming retirement benefits does not undermine a contractual right to arbitrate an employment termination dispute.

The other factors to be considered under *Christensen* are inapplicable. Riedinger did not unreasonably delay in demanding arbitration or act in bad faith with respect to the arbitration. (See *Christensen, supra*, 33 Cal.3d at p. 782.) To the contrary, SEIU—on behalf of Riedinger—requested arbitration within the time specified in the MOU. The record indicates that Riedinger and SEIU acted in good faith in working with the County to select an arbitrator and a date for the hearing. Only the County indicated a refusal to arbitrate. We find no basis for concluding that Riedinger waived his right to arbitration.

### B. *Whether Retirement Deprived the Arbitrator of Jurisdiction*

The County argues the trial court correctly concluded that the arbitrator lacked *jurisdiction* over the disciplinary action (employment termination) due to Riedinger's subsequent retirement. In so arguing, the County relies on *County of Los Angeles Dept. of Health Services v. Civil Service Com. of County of Los Angeles* (2009) 180 Cal.App.4th 391, 399–400 [102 Cal.Rptr.3d 684] (*County of Los Angeles*). The case is inapposite.

In *County of Los Angeles*, a staff nurse with the County of Los Angeles Department of Health Services sought a hearing by the county civil service commission on her appeal of a suspension and notice of the county's intent to discharge her. (*County of Los Angeles, supra*, 180 Cal.App.4th at pp. 394–395.) The nurse retired before the commission rendered its final decision, and the county moved to dismiss the appeal for lack of jurisdiction. (*Ibid.*) The commission issued a decision in favor of the nurse, and the county sought mandamus relief in the superior court. (*Id.* at pp. 395–396.) The trial court granted the county's writ petition, and the Court of Appeal affirmed. (*Id.* at pp. 394, 396.) Relying on an earlier case (*Zuniga v. Los Angeles County Civil Service Com.* (2006) 137 Cal.App.4th 1255 [40 Cal.Rptr.3d 863] (*Zuniga*)), the *County of Los Angeles* court concluded that the retirement was a voluntary resignation that automatically divested the civil service commission of jurisdiction to decide the disciplinary action. A civil service commission created by charter has only the special and limited jurisdiction expressly authorized by the charter. (*Zuniga, supra*, 137 Cal.App.4th at p. 1259.) As in *Zuniga*, at the time of resignation (due to retirement), the underlying claim became one for backpay and the civil service commission had no jurisdiction to hear a wage claim by a former employee. (*County of Los Angeles*, at pp. 394, 401.)

The holding in *County of Los Angeles* that a retirement divests a civil service commission of jurisdiction was not applied by the Fifth Appellate District in *Hall-Villareal v. City of Fresno* (2011) 196 Cal.App.4th 24 [125 Cal.Rptr.3d 376] (*Hall-Villareal*). The *Hall-Villareal* court expressed doubt that there exists "a bright-line rule that, if a person whose employment already has been terminated seeks retirement benefits, the Civil Service Commission thereby loses jurisdiction to hear [an] appeal of the termination decision." (*Id.* at p. 32.) The Fifth Appellate District explained that Hall-Villareal's receipt of retirement benefits did not preclude her from being returned to her employment if her appeal before the commission were successful. (*Id.* at p. 33.) Thus, the court in *Hall-Villareal* held that the civil service board was not divested of jurisdiction to consider the employment termination dispute. (*Ibid.*)

■ We need not decide whether *County of Los Angeles* or *Hall-Villareal* reaches the better result because both involved appeals of disciplinary actions *to the civil service commission or the civil service board.* A jurisdictional analysis makes sense in assessing whether a court or an adjudicatory commission retains power to decide a matter. By contrast, an arbitrator does not have "jurisdiction" over a dispute. The arbitrator's powers are contractual.

As the California Supreme Court has noted, " ' "[T]he powers of an arbitrator are limited and circumscribed by the agreement or stipulation of submission." ' " (*Moncharsh, supra,* 3 Cal.4th at p. 8, quoting *O'Malley v. Petroleum Maintenance Co.* (1957) 48 Cal.2d 107, 110 [308 P.2d 9].) The arbitrator's contractually acquired power to resolve a dispute in a private, nonjudicial forum allows an arbitrator to exercise discretion over the matter in a manner that may exceed the jurisdiction of a court or a commission. " ' "[A]rbitrators, unless specifically required to act in conformity with rules of law, may base their decision upon broad principles of justice and equity, and in doing so may expressly or impliedly reject a claim that a party might successfully have asserted in a judicial action." [Citations.]' " (*Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1355 [82 Cal.Rptr.3d 229, 190 P.3d 586], quoting *Moncharsh, supra,* 3 Cal.4th at pp. 10–11.) Consequently, "[a]n arbitrator has exceeded his or her powers if the arbitrator 'strayed beyond the scope of the parties' agreement by resolving issues the parties did not agree to arbitrate' (*Moncharsh, supra,* 3 Cal.4th at p. 28), ordered an unauthorized remedy (*Advanced Micro Devices, Inc. v. Intel Corp.* [(1994)] 9 Cal.4th [362,] 375 [36 Cal.Rptr.2d 581, 885 P.2d 994]), or resolved nonarbitral issues (*Board of Education v. Round Valley Teachers Assn.* (1996) 13 Cal.4th 269, 275–276, 287 [52 Cal.Rptr.2d 115, 914 P.2d 193])." (*City of Richmond v. Service Employees Internat. Union, Local 1021* (2010) 189 Cal.App.4th 663, 669–670 [118 Cal.Rptr.3d 315].) The parties in this case agreed to arbitrate Riedinger's termination from employment, and his receipt of retirement benefits did not negate that agreement.

The County next argues that Riedinger's retirement rendered him a "former employee" who was no longer covered by the MOU. The County reasons that, as a former employee, Riedinger had no arbitral rights under the MOU. We disagree. Riedinger was no longer an employee once the County terminated his employment. It was his termination by the County that separated him from employment so that he became eligible to collect retirement benefits. Riedinger's application for retirement benefits did not forsake any of his rights under paragraph 19.7 of the MOU.

Accordingly, the trial court erred by denying SEIU's petition to compel arbitration of Riedinger's employment termination dispute with the County.

## DISPOSITION

The order denying Service Employees International Union, Local 1021's petition to compel arbitration is reversed. Appellant Service Employees International Union, Local 1021, shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

Blease, Acting P. J., and Robie, J., concurred.