Filed 7/10/14  Yoon v. Yoon CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| TAMARA W.H. YOON, as Trustee,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BLAKE YOON,<br><br>    Defendant and Appellant;<br><br>MARILYN LEE et al.,<br><br>    Respondents. | B250526<br><br>(Los Angeles County<br>Super. Ct. No. BP137316) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael I. Levanas, Judge.  Affirmed.

Rostam Law, Inc. and Carlos A. De La Paz for Defendant and Appellant.

Wasserman, Comden, Casselman & Esensten and Charles A. Schultz for Plaintiff and Respondent.

Marilyn Lee, in Pro. Per. for Respondent Marilyn Lee.

Kerry Key Young Yoon, in Pro. Per. for Respondent Kerry Key Young Yoon.

# I. INTRODUCTION

Defendant, Blake Yoon, appeals from a May 31, 2013 order resolving a petition to ascertain the beneficiaries of a land trust. The petition was filed by plaintiff, Tamara Y. Watts, also known as Tamara W.H. Yoon, as trustee of the land trust. The land trust agreement named Eugene I.W. Lee as its beneficiary. Upon Mr. Lee's death, his interest was to pass to his personal representative which in this case is his widow, Marilyn Lee. Defendant challenges the ruling that Ms. Lee is the beneficiary of the unassigned 50 percent interest in the land trust. Defendant argues the Estate of Alice Yoon, not Ms. Lee, is the beneficiary of the unassigned interest in the land trust. Defendant contends Ms. Yoon obtained the unassigned interest in the land trust through conversion and adverse possession. We affirm the order.

# II. BACKGROUND

## A. Land Trust

On May 25, 1979, a land trust was created under the laws of the State of Hawaii, naming Mr. Lee as the beneficiary. The land trust agreement named his wife, Ms. Lee, as the trustee. Ms. Lee, as trustee, executed the land trust agreement on behalf of the settlor and grantor, Alice W.H. Lee Yoon.[1] Alice was Mr. Lee's sister.

Article 3.00 of the land trust agreement states: "The interest of any beneficiary hereunder shall consist of a power of direction to deal with the title to the Trust Estate and to manage, possess, and control the Trust Estate as herein provided, and the right to receive the proceeds from rentals and from mortgages, sales or other disposition of the Trust Estate. Such right in the Trust Estate shall be deemed to be personal property, and may be treated, assigned and transferred as such. No Beneficiary now has, and no

---

[1] For clarity's sake and not out of disrespect, we refer to the Yoons by their first names.

2

Beneficiary hereunder at any time shall have, any legal or equitable right, title or interest in or to any portion of real property which forms any part of the Trust Estate, but has only an interest in the earnings, profits, and proceeds as aforesaid, it being the intention of this instrument to vest the full legal and equitable title in the Trust Estate in the Trustee. The death of any Beneficiary hereunder shall not terminate the trust nor in any manner affect the powers of the Trustee hereunder. At the death of a Beneficiary, his or her interest, unless otherwise provided, shall pass to the Beneficiary's personal representative."

Under the land trust agreement, the trustee held title to an undivided one-half interest in real property located in Honolulu, Hawaii. Article 5.00 of the land trust agreement states in part: "The Trustee shall hold legal title to the Trust Estate. The Trustee will mortgage, lease, transfer, convey, or otherwise deal with any real property which at any time, forms part of the Trust Estate only when authorized to do so by the written direction of EUGINE I. W. LEE, or such other person or persons as shall be from time to time named in writing by the Beneficiary or all the Beneficiaries. . . ." The Hawaii property was sold in 1998. As part of a tax-free transaction, the land trust acquired interest in two commercial properties in Long Beach, California in early 1999. The land trust holds an undivided 25 percent interest in the Long Beach properties. The other undivided 75 percent interest is held by the Irrevocable Trust of Alice W.H. Yoon dated December 31, 1990. On March 5, 1994, Ms. Lee resigned as trustee of the land trust effective as of January 10, 1991. Ms. Lee appointed plaintiff as the successor trustee of the land trust.

## B. Eugene Lee Living Trust

On May 25, 1979, the Lees signed a revocable living trust agreement. Mr. Lee assigned 50 percent of his interest in the land trust to the revocable living trust. Ms. Lee was named as the trustee of the revocable living trust. On the same day the Lees executed the revocable living trust agreement, they signed a trust amendment. The first trust amendment made the living trust irrevocable. On December 31, 1990, the Lees and

3

plaintiff executed a second trust amendment. Ms. Lee resigned as trustee of the Eugene Lee living trust in the second trust amendment. Plaintiff was named as successor trustee.

Section A of the living trust agreement states, "The beneficiaries of the trust are: Dr. KERRY K.Y. YOON, TAMARA W.H. YOON, JAMES TEK YOUNG YOON and BLAKE T.Y. YOON, and any children of KERRY K.Y. YOON and JAMES TEK YOUNG YOON who may be born after the execution of this document and before the termination date identified in paragraph B below." Paragraph B of the living trust agreement provides: "This trust shall be terminated at the death of the survivor of KERRY K.Y. YOON and JAMES TEK YOUNG YOON. At termination, the Trustee shall distribute the trust estate then remaining, including accumulated and accrued but undistributed income, to the then surviving children of KERRY K.Y. YOON and JAMES TEK YOUNG YOON, in equal shares." Plaintiff is Alice's granddaughter and Kerry's only child. Defendant is Alice's grandson and James's only child.

Mr. Lee never assigned the remaining 50 percent interest in the land trust. Mr. Lee died on May 5, 1997. In 1997 or 1998, Ms. Lee was appointed the personal representative of the Estate of Eugene Lee.

C. Petition To Ascertain Trust Beneficiaries

On October 23, 2012, plaintiff, as trustee, filed a petition to ascertain the beneficiaries of the land trust. The petition sought a judicial determination as to the land trust beneficiaries. In addition, the petition sought judicial determinations that: plaintiff, as trustee of Mr. Lee's living trust, is the beneficiary of a 50 percent interest in the land trust; plaintiff, as trustee of Mr. Lee's living trust, holds 50 percent of the power of direction over the land trust; the personal representative of the Estate of Eugene I.W. Lee is the beneficiary of the unassigned 50 percent interest in the land trust; and the personal representative is the holder of the power of direction of 50 percent of the land trust.

4

## D. Opposition To The Petition

On March 19, 2013, defendant filed an opposition to plaintiff's petition. He argued Alice asserted control over the unassigned 50 percent beneficial interest in the land trust in 1999. On November 12, 1999, Alice sent plaintiff a letter concerning the land trust which states in part: "As you know, Eugene was the only beneficiary of the Land Trust. Before he died, Eugene assigned one-half interest of the trust to a new trust created by him of which you and Blake are the ultimate beneficiaries. [¶] Eugene did nothing with the other half of the trust, which half came from me. Now that he is dead, there is no beneficiary for that one-half, and it should be returned to me. [¶] . . . [¶] To comply with my request, would you please send one-half of the cash on hand in the Land Trust to me, and also send me a deed covering one-half of the land in the Land Trust, viz. 12 1/2 % of the Long Beach properties." Defendant contended when Alice died on January 24, 2011, her 50 percent interest in the land trust passed to him as the sole beneficiary of the Alice Yoon irrevocable trust. He asserted Alice converted the unassigned 50 percent beneficial interest in the land trust. Alternatively, defendant argued Alice obtain a 50 percent beneficial interest in the land trust through adverse possession. He also contended Ms. Lee's rights to the 50 percent interest in the land trust lapsed and Alice was entitled to the 50 percent beneficial interest as the grantor.

In reply, plaintiff argued: defendant did not have a vested interest in the land trust as a discretionary and contingent beneficiary of Mr. Lee's living trust; Alice did not acquire an interest in the land trust by conversion or adverse possession; defendant did not have standing to argue Ms. Lee abandoned or failed to claim the estate's interest within five years; on December 24, 2012, Ms. Lee, as personal representative, assigned the Estate of Eugene Lee's interest in the land trust to herself; and Ms. Lee then assigned her individual interest in the land trust to Kerry.

5

E.  Hearing And Ruling On Petition

At the May 20, 2013 hearing, the parties agreed the probate court could disregard the declarations submitted by them.  The probate court stated it would ignore all declarations and arguments of fact.  The parties stipulated to the following facts:  since the inception of the land trust, Alice received income distributions from the land trust until her death in January 2011; the income was distributed by the trustee; and Alice had no discretion to direct the trustee to take any action.  After the hearing, the probate court took the matter under submission.  On May 31, 2013, the probate court ruled, "After further review, the Court finds Marilyn [L]ee is the beneficiary of the unassigned 50 [percent] interest in the LAND TRUST and the other 50 [percent] interest in the LAND TRUST is held by the EUGENE LEE REVOCABLE TRUST."  The parties did not request a statement of decision and none was provided by the probate court.

III.  DISCUSSION

A.  Standard of Review

An appealed judgment or order is presumed to be correct.  All intendments and presumptions are indulged to support the judgment or order on matters as to which the record is silent, and error must be affirmatively shown.  (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  In the absence of a statement of decision, an appellate court will presume the trial court made all factual findings necessary to support the judgment.  (*In re Marriage of Arceneaux, supra,* 51 Cal.3d at pp.1133-1134; *Hall-Villareal v. City of Fresno* (2011) 196 Cal.App.4th 24, 34-35; *Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 267.)  We review the implied findings under the substantial evidence standard.  (*Shaw v. County of Santa Cruz, supra,* 170 Cal.App.4th at p. 267; *Fladeboe v. American Isuzu Motors, Inc.* (2007) 150 Cal.App.4th 42, 60.)

6

## B. Conversion

Based on the extremely limited evidentiary showing, there is insufficient evidence to show a conversion occurred. As noted, the parties entered into a brief set of stipulated facts. These are insufficient to demonstrate a conversion occurred. Conversion is the wrongful exercise of dominion over another person's property. (*Prakashpalan v. Engstrom, Lipscomb and Lack* (2014) 223 Cal.App.4th 1105, 1135; *Welco Electronics Inc. v. Mora* (2014) 223 Cal.App.4th 202, 208.) The elements of conversion are: a plaintiff's ownership or right to possession of the property; a defendant's conversion by a wrongful act or disposition of property rights; and damages. (*Ibid.*; *Los Angeles Federal Credit Union v. Madatyan* (2012) 209 Cal.App.4th 1383, 1387.) Since a conversion action rests upon the defendant's dominion over the plaintiff's property, questions of good faith, lack of knowledge and motive are immaterial. (*Welco Electronics Inc. v. Mora, supra,* 223 Cal.App.4th at p. 208; *Los Angeles Federal Credit Union v. Madatyan, supra,* 209 Cal.App.4th at p. 1387.) Generally, conversion applies to the taking of intangible personal property when represented by documents such as bonds, notes, bills of exchange, checks, or stock certificates. (*Welco Electronics Inc. v. Mora, supra,* 223 Cal.App.4th at p. 209; *Los Angeles Federal Credit Union v. Madatyan, supra,* 209 Cal.App.4th at p. 1388 [defendants liable for conversion of plaintiff's equitable lien in insurance proceeds].) But some courts have expanded the tort of conversion to intangible personal property not merged with or reflected in tangible property. (*Welco Electronics Inc. v. Mora, supra,* 223 Cal.App.4th at pp. 210-211 [defendant's use of plaintiff's credit card to transfer money to defendant's bank account is conversion]; *Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 124-125 [misappropriation of intangible net operating losses constitutes conversion]; *A & M Records, Inc. v. Heilman* (1977) 75 Cal.App.3d 554, 570 [unauthorized recording and sale of musical performances is conversion]; *Kremen v. Cohen* (9th Cir. 2003) 337 F.3d 1024, 1035 [under California law, plaintiff may bring conversion claim against defendant for giving away plaintiff's domain name to third party].)

The unassigned interest in the land trust is personal property under article 3.00 of the land trust agreement. Article 3.00 provides in part: "The interest of any Beneficiary hereunder shall consist of a power of direction to deal with the title to the Trust Estate and to manage, possess, and control the Trust Estate as herein provided, and the right to receive the proceeds from rentals and from mortgages, sales or other disposition of the Trust Estate. Such right in the Trust Estate shall be deemed to be personal property, and may be treated, assigned and transferred as such." Under article 3.00, Mr. Lee's 50 percent unassigned interest in the land trust passed to his personal representative, Ms. Lee, upon his death in 1997. Article 3.00 of the land trust agreement states in part, "At the death of a Beneficiary, his or her interest, unless otherwise provided, shall pass to the Beneficiary's personal representative."

Defendant acknowledges Ms. Lee, as Mr. Lee's personal representative, has a right to possession of the 50 percent unassigned interest under the land trust agreement. But he contends Alice, rather than Ms. Lee, is the beneficiary of the land trust. Defendant argues this is so because Alice converted the unassigned interest. Defendant argues Alice asserted dominion and control of the unassigned interest in a way inconsistent with the rights of Ms. Lee. Defendant also contends the three-year statute of limitations for conversion under Code of Civil Procedure section 338, subdivision (c) bars Ms. Lee from repossessing the unassigned interest. We disagree.

Defendant argues that plaintiff converted the unassigned interest in the land trust in 1999. Thus, defendant argues that plaintiff's claims are barred by the Code of Civil Procedure section 338, subdivision (c) three-year statute of limitations for conversion. We respectfully disagree that the interest at issue is subject to the tort of conversion. The three-year statute of limitations only bars Ms. Lee from bringing a conversion claim against the Estate of Alice Yoon as to the land trust distributions. Defendant's arguments require us to accept that the tort of conversion may be used to challenge Ms. Lee's ownership of the unassigned interest in the land trust. More importantly, there was no substantive showing a conversion occurred. The probate court was free to find the brief stipulation did not establish a tort of conversion occurred. We see no justification for

8

permitting defendant to assert conversion as a defense to Ms. Lee's beneficiary interest in the land trust.

In his opening brief, defendant argues Alice adversely possessed the unassigned interest in the land trust. Defendant also raises this argument at oral argument. However, defendant in his reply brief abandons his adverse possession argument. Defendant's reply brief states: "After further analysis of the law, Appellant hereby concedes and abandon[s] his Adverse Possession argument." Accordingly, we need not discuss defendant's adverse possession argument. (*Lopez v. Baca* (2002) 98 Cal.App.4th 1008, 1015-1016; *Arnold v. Dow Chemical Co.* (2001) 91 Cal.App.4th 698, 729.)

IV.  DISPOSTION

The May 31, 2013 order is affirmed. Plaintiff, Tamara Y. Watts, also known as Tamara W.H. Yoon, shall recover her appeal costs from defendant, Blake Yoon.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

MOSK, J.

MINK, J.[*]

---

[*]  Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9