Filed 6/18/25  Seger-Zawacki v. Sparc Group CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ALISON SEGER-ZAWACKI, | C099901 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2021-00308184-CU-BT-GDS) |
| v. | |
| SPARC GROUP LLC et al., | |
| Defendants and Respondents. | |

Plaintiff Alison Seger-Zawacki filed a complaint against defendants Sparc Group LLC and Eddie Bauer LLC alleging violations of the unfair competition law (Bus. & Prof. Code,[1] § 17200 et seq.) and false advertising law (§ 17500 et seq.).  Defendants moved to compel arbitration based on an arbitration provision in the terms of use plaintiff agreed to; the trial court granted the petition and ordered arbitration.  On appeal, plaintiff

---

[1]    Further undesignated section references are to the Business and Professions Code.

1

contends the arbitration provision's waiver of the right to a private attorney general action effectively prohibited her from requesting public injunctive relief in any forum, rendering it unenforceable under *McGill v. Citibank, N.A.* (2017) 2 Cal.5th 945 (*McGill*). We disagree, concluding the arbitration agreement permits plaintiff to seek public injunctive relief on her own behalf in arbitration. (*Id*. at p. 959 ["a private individual who has 'suffered injury in fact and has lost money or property' " may "request[] public injunctive relief in connection with that action" if they file the action "on his or her [or their] own behalf, not 'on behalf of the general public' "].) Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a class action complaint for violations of the unfair competition law and the false advertising law. Plaintiff's claims were based on allegations defendants "perpetrated a massive false discount advertising scheme" by listing "discounts and reference prices [that] are false, because [defendants] rarely if ever offer[] [their] products at the advertised and tagged list price." Plaintiff alleged she purchased products from defendants' website relying on their "false and deceptive" representations the sale price was "a special bargain," though defendants had not offered the products at a nonsale price within at least the last year. The complaint stated plaintiff was "seeking public injunctive relief in her capacity as a private attorney general" and "seeking to certify an injunctive-relief-only [c]lass in which each member of the [c]lass is acting as a private attorney general to protect the general public and themselves by putting an end to [defendants'] false discount advertising scheme."

On December 7, 2021, defendants filed a petition to compel arbitration. Defendants attached to the petition terms of use that included an arbitration provision stating: "You also agree to waive—that is, to give up—your right to claim through a class action lawsuit, class-wide arbitration, private attorney-general action, or any other proceeding where someone acts in a representative capacity or individual claims are combined." Plaintiff conceded she accepted the terms of use.

2

On February 3, 2022, the trial court granted the petition to compel arbitration and stayed the action pending completion of arbitration. The court noted, "The only dispute between the parties to this petition is whether the arbitration provision is invalid under *McGill* . . . , and Court of Appeal decisions following *McGill*." After examining the relevant cases, the trial court found, "[T]he arbitration provision at issue is not unenforceable pursuant to *McGill*."

The parties entered arbitration and on May 23, 2023, the arbitrator ruled on plaintiff's "claims for public injunctive relief" and denied the claims "in their entirety." (Capitalization & boldface omitted.) The trial court consequently lifted the stay, confirmed the arbitration award, and entered judgment in favor of defendants.

Plaintiff appeals.

DISCUSSION

Plaintiff is challenging the trial court ordering arbitration of her unfair competition law and false advertising law claims. "We review de novo the question of whether parties agreed to submit a dispute for binding arbitration. [Citation.] The parties in this case did not introduce extrinsic evidence concerning the agreement to arbitrate, nor did the trial court resolve disputed facts in deciding the matter. Thus, de novo review applies to both the agreement to arbitrate and the trial court's order denying [or granting] arbitration." (*Service Employees Internat. Union, Local 1021 v. County of San Joaquin* (2011) 202 Cal.App.4th 449, 455.)

"California has a strong policy of favoring arbitration as an expeditious method of resolving disputes. . . . 'Consequently, courts will " 'indulge every intendment to give effect to such proceedings.' " [Citation.]' [Citation.] Nonetheless, a court may order parties to participate in arbitration only if the parties have agreed to arbitrate their dispute. [¶] . . . 'The right to arbitration depends upon the terms of the contract—a petition to compel arbitration is simply a suit in equity seeking specific performance of that contract.' " (*Service Employees Internat. Union, Local 1021 v. County of San*

3

*Joaquin*, *supra*, 202 Cal.App.4th at p. 456, fn. omitted.) " 'Whether interpreting a provision of a written instrument or statute, we seek the drafters' intent, and we start with the plain meaning of the provision's text and with its context within the statute or instrument.' " (*Lombardo v. Gramercy Court* (2024) 107 Cal.App.5th 1028, 1034.)

I

*McGill*

This case revolves around our Supreme Court's opinion in *McGill*, *supra*, 2 Cal.5th 945. There, the plaintiff's bank required her to agree to an arbitration provision including terms the parties agreed prohibited the plaintiff from seeking a public injunction in any forum. (*Id*. at p. 956.) The plaintiff brought a class action against the bank alleging violations of the unfair competition law, the false advertising law, and the Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.). (*McGill*, at pp. 952-953.) The complaint requested relief for, "among other things, an injunction prohibiting [the bank] from continuing to engage in its allegedly illegal and deceptive practices." (*Id*. at p. 953.) Given the parties' agreement, our Supreme Court found the question presented was "whether the arbitration provision is valid and enforceable insofar as it purports to waive [the plaintiff's] right to seek public injunctive relief *in any forum*." (*Id*. at p. 956.)[2]

Our Supreme Court concluded agreements barring public injunctive relief in any forum are invalid and unenforceable. (*McGill*, *supra*, 2 Cal.5th at p. 961.) The court first

---

[2] Our Supreme Court in *McGill* also noted in *Broughton v. Cigna Healthplans of California* (1999) 21 Cal.4th 1066 and *Cruz v. PacifiCare Health Systems, Inc.* (2003) 30 Cal.4th 303, it "established the following rule: Agreements to arbitrate claims for public injunctive relief under the [Consumers Legal Remedies Act], the [unfair competition law], or the false advertising law are not enforceable in California." (*McGill*, *supra*, 2 Cal.5th at p. 953.) The court declined to address in *McGill* whether federal law preempted this rule. (*Id*. at p. 956.) Plaintiff concedes this "aspect of [*Broughton* and *Cruz*] has been overruled as preempted by federal law" (see *Ferguson v. Corinthian Colleges, Inc.* (9th Cir. 2013) 733 F.3d 928, 938) and does not argue for reversal on that basis. We therefore do not address this rule and whether federal law has preempted it.

4

found private individuals may still seek public injunctive relief under the unfair competition law and false advertising law even though Proposition 64 (as approved by voters, Gen. Elec. (Nov. 2, 2004)) modified these statutes so " 'only the California Attorney General and local public officials [are] authorized to file and prosecute actions on behalf of the general public.' " (*McGill*, at p. 959.) The court found "a private individual who has 'suffered injury in fact and has lost money or property' " from violations of the statutes may still "request[] public injunctive relief in connection with" an action filed "on his or her [or their] own behalf," just not for one filed " 'on behalf of the general public.' " (*Ibid*.) Next, our Supreme Court applied the rule: "[L]aw established for a public reason cannot be contravened by a private agreement." (*Id*. at p. 961.) And "the waiver in a predispute arbitration agreement of the right to seek public injunctive relief under these statutes would seriously compromise the public purposes the statutes were intended to serve. Thus, insofar as the arbitration provision here purports to waive [the plaintiff's] right to request in any forum such public injunctive relief, it is invalid and unenforceable under California law." (*Ibid*.) But the court left the appellate court to decide whether the remainder of the arbitration provision was enforceable. (*Id*. at pp. 966-967.)

II

McGill *Does Not Invalidate The Arbitration Agreement*

The parties here disagree on whether the agreement prohibits public injunctive relief in all forums. Plaintiff argues, "[The] arbitration agreement violates the *McGill* rule because it forbids her from seeking public injunctive relief from a court or from an arbitrator." Whereas defendants assert, "[Plaintiff] did not forgo her substantive right to public injunctive relief as a *remedy*, she only agreed to waive any right she may otherwise have had to seek such remedy through a representative *action*." We conclude defendants' position is more persuasive.

5

Plaintiff agreed to waive her right to a "claim through a class action lawsuit, class-wide arbitration, private attorney-general action, or any other proceeding where someone acts in a representative capacity or individual claims are combined." We interpret this language as waiving plaintiff's ability to pursue representative claims. The language identifies means that could be used to seek a public injunction—including a private attorney-general action—but the language addresses only *how* the claim is brought, not the *relief* obtained. The last clause makes this clear: "[O]r any other proceeding where someone acts in a representative capacity or individual claims are combined." This confirms the relevant shared characteristic of the named procedures is their representative nature. This is a bar in all forums, both court and arbitration, of representative claims. But, as found in *McGill*, an individual can still obtain a public injunction if they have suffered an injury in fact and bring the claim individually. (*McGill*, *supra*, 2 Cal.5th at pp. 958-959.) And, importantly, this is still permitted by the parties' agreement. The arbitration provision here has no exclusion of public injunctive relief from the scope of available remedies to plaintiff as an individual. Indeed, there is no exclusion of *any relief* in the arbitration provision, only the means to obtain relief through representative actions. We therefore conclude the arbitration provision does not bar plaintiff from seeking a public injunction in arbitration, rendering the *McGill* rule inapplicable.

Plaintiff's main argument against this conclusion focuses on the prohibition of private attorney general actions. Plaintiff asserts in the context of the unfair competition law and false advertising law, "the terms 'private attorney general' and 'public injunctive relief' are synonymous; a consumer's waiver of the right to claim through a 'private attorney-general action' constitutes in the eyes of the law a waiver of the right to seek public injunctive relief." This position is irreconcilable with *McGill*, which concluded Proposition 64 eliminated private individuals' ability to prosecute actions under the unfair competition law and false advertising law " 'on behalf of the general public,' " but "a private individual who has 'suffered injury in fact and has lost money or property' "

6

from violations of the statutes may still "request[] public injunctive relief in connection with" an action filed "on his or her [or their] own behalf." (*McGill*, *supra*, 2 Cal.5th at pp. 958-959.) Waiving a private attorney general claim in the arbitration provision therefore did not necessarily eliminate plaintiff's ability to seek a public injunction in all forums.

This position finds support in *DiCarlo v. MoneyLion, Inc.* (9th Cir. 2021) 988 F.3d 1148 (*DiCarlo*), where the Ninth Circuit analyzed the question: "Is public injunctive relief under the [unfair competition law and false advertising law] available in an 'individual lawsuit' without a plaintiff 'act[ing] as a private attorney general'?" (*Id.* at p. 1153.) The court found that after "Proposition 64, individuals must suffer their own injuries to sue," but it noted our Supreme Court in *McGill* found individual litigants can "still seek public injunctive relief in *individual* lawsuits . . . because individuals seeking public injunctive relief under the [unfair competition law] and [false advertising law] do so 'on [their] *own* behalf' and not 'on behalf of the general public.' " (*DiCarlo*, at p. 1156.) The arbitration agreement in *DiCarlo* had a "joinder clause" disallowing the plaintiff to "join or consolidate claim(s) involving [the plaintiff] with claims involving any other person." (*Id.* at p. 1153.) But this did not "hinge[] on the relief sought." (*Id.* at p. 1154.)

The Ninth Circuit noted, "[T]he California Supreme Court has previously described plaintiffs 'in a public injunction action' as 'act[ing] in the purest sense as a private attorney general.' " (*DiCarlo*, *supra*, 988 F.3d at p. 1157, quoting *Cruz v. PacifiCare Health Systems, Inc*, *supra*, 30 Cal.4th at p. 312.) But, "[a]s explained, the *McGill* court explicitly rejected the notion that seeking public injunctive relief meant that a plaintiff was acting 'on behalf of the general public'—the quintessential act of the standing-to-sue private attorney general. [Citation.] This reasoning makes clear that the remedy sought does not define the interests vindicated." (*DiCarlo*, at p. 1158.) The court therefore concluded: "In California, litigants proceeding in individual lawsuits may

7

request public injunctive relief without becoming private attorneys general. That means that public injunctive relief is available to [the plaintiff] in arbitration with [the defendant]. Since the arbitration provision does not violate the *McGill* rule, it is valid." (*Ibid*.)

Plaintiff argues California cases have reached opposite conclusions than we do here, and these cases conflict with *DiCarlo*. We disagree. One case plaintiff presents is *Jack v. Ring LLC* (2023) 91 Cal.App.5th 1186 (*Jack*), which analyzed whether an arbitration agreement violated *McGill* where it specified "arbitration is to be 'conducted only on an individual basis and not in a class, representative or private attorney general action,' an arbitration award must be 'on an individual basis,' and the arbitrator may award injunctive relief 'only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim.' " (*Jack*, at p. 1204.) The *Jack* court found other courts "routinely construe these terms as prohibiting awards of public injunctive relief in arbitration." (*Id*. at p. 1205.) The court concluded, "In line with these cases, we agree with the trial court that the arbitration provision here prohibits public injunctive relief in arbitration." (*Id*. at p. 1206.) The defendant asserted *DiCarlo* supported its position, but the court stated *DiCarlo* "appears to conflict with cases like *Maldonado*[ *v. Fast Auto Loans, Inc.* (2021)] 60 Cal.App.5th 710] . . . . To the extent the case law cannot be reconciled, we do not find *DiCarlo* more persuasive." (*Jack*, at p. 1206.) However, the court found, "*DiCarlo* is also distinguishable. Here, unlike in *DiCarlo*, the arbitration provision also limits injunctive relief in arbitration to an award 'only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim.' " (*Jack*, at p. 1206.) The court found, "This language, in turn, is both commonly understood by parties to arbitration agreements to preclude public injunctive relief in arbitration [citation], and interpreted by courts to preclude public injunctive relief in arbitration." (*Id*. at p. 1207.)

We believe all cases can be reconciled and agree with the court in *Jack*'s reading of the cases that *DiCarlo* is distinguishable. In *Maldonado*, a case plaintiff also cites, whether the *McGill* rule applied depended on whether the plaintiffs were seeking public injunctive relief, not whether the terms of the arbitration provision prohibited public injunctions in all forums, making *Maldonado* dicta to the issue presented here. (*Maldonado v. Fast Auto Loans, Inc.*, *supra*, 60 Cal.App.5th at p. 720.) Still, *Maldonado* indicates support for our interpretation of the agreement here. The arbitration agreement in *Maldonado* had a similar class action waiver as the present case, stating the plaintiff "had no right to participate in or join 'a class action, private attorney general action, or other representative action.' " (*Id*. at p. 716.) But, the agreement also stated, "the arbitrator may only award relief on behalf of the named parties." (*Ibid*.) This would be a key difference, barring public injunctive relief in contrast to what is in the parties' agreement here and in *DiCarlo*.

Another case cited in *Maldonado* and *Jack* and relied on by plaintiff is *Mejia v. DACM Inc.* (2020) 54 Cal.App.5th 691. (See *Maldonado v. Fast Auto Loans, Inc.*, *supra*, 60 Cal.App.5th at pp. 717-719; *Jack*, *supra*, 91 Cal.App.5th at pp. 1203, 1205.) The plaintiff there did argue the arbitration agreement "does not preclude a public injunction 'in every forum.' " (*Mejia*, at p. 704.) But this argument was based on "an *implied* exception for a claim for a public injunction," with the defendant arguing "the arbitration provision allow[ed] [the plaintiff] to pursue his claim for public injunction in court *after arbitration of all arbitrable claims*." (*Id*. at p. 705.) Defendant does not make a similar argument here, so the *Mejia* court's analysis is also not relevant to our resolution. Yet, *Mejia* also indicates support for our conclusion. The arbitration provision there "barred arbitration on 'a class, representative, or collective basis (including as private attorney general on behalf of others)' and also explicitly barred the arbitrator from determining 'the rights, obligations, or interests of anyone other than a named party' or from 'mak[ing] an award for the benefit of . . . anyone other than a named party.' " (*Id*. at

9

p. 704, fn. 2.) This includes a similar representative claims waiver as the present agreement but also a clear limitation on relief benefitting parties other than the plaintiff, such as a public injunction. The court in *Mejia* also noted this limitation of relief when rejecting the defendant's implied exception argument, describing the arbitration provision as having limitations on class representative actions *and* "on 'class, representative, or collective' *relief* (such as a public injunction)." (*Id*. at p. 705.) This analysis indicates the court in *Mejia* understood the distinction between limitations on representative claims and public injunctive relief, while emphasizing public injunctions as a type of relief. So again, though *Mejia* did not address the specific issue on contention in this appeal, it still indicates terms circumscribing collective relief bar public injunctions; such terms are absent from the parties' arbitration provision here and in *DiCarlo*.

The California cases plaintiff cites therefore undermine neither our conclusion that the arbitration provision here does not prohibit public injunctive relief, nor *DiCarlo*'s support of our conclusion. The cases plaintiff cites had arbitration provisions limiting both the means to bring claims (such as private attorney general actions) *and* the relief the arbitrator could award. Here, the arbitration provision included limitations on means to bring claims without making any limitation on remedies available in arbitration. Further, the cases plaintiff relies on did not directly address what language prohibits public injunctive relief other than *Jack*, and *Jack* acknowledged factual distinctions with *DiCarlo* that are applicable to this case. (*Jack*, *supra*, 91 Cal.App.5th at p. 1206 ["But *DiCarlo* is also distinguishable. Here, unlike in *DiCarlo*, the arbitration provision also limits injunctive relief in arbitration"].)

We therefore conclude plaintiff was not barred from seeking public injunctive relief in all forums, rendering the *McGill* rule inapplicable. We consequently affirm the trial court's order granting the petition for arbitration.

10

DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


/s/
ROBIE, J.


We concur:


/s/
HULL, Acting P. J.


/s/
DUARTE, J.

11